20357

SEA PINES COMPANY, Appellant, v. KIAWAH ISLAND
COMPANY, INC., formerly Coastal Shores, Inc., Respondent.
(232 S. E. (2d) 501)

*Messrs. G. M. Howe, Jr., of Howe and Howe, and Com-
ing B. Gibbs, Jr., and A. Hoyt Rowell, III, of Gibbs, Gail-
lard, Rowell and Tanenbaum,* Charleston, *and Hull, Towill,*

154

*Norman, Barrett and Johnson,* of Augusta, Georgia, *for Appellant,*

*Henry B. Smythe, Esq.,* of *Buist, Moore, Smythe and McGee,* Charleston, *for Respondent,*

February 8, 1977.

LITTLEJOHN, Justice:

On April 28, 1976, the appellant Sea Pines Company (Sea Pines), filed a statutory mechanic's lien in the amount of $3,600,000.00 against the respondent, Kiawah Island Company, Inc. (Kiawah), claiming a lien upon real estate known as Kiawah Island for labor performed and materials furnished in the erection, alteration, and repair of buildings or structures. This included the work of making the real estate suitable as a site for buildings and structures, and a plan for the complete development of Kiawah Island as a luxury resort.

Kiawah supplied to the court an affidavit asserting that the debt claimed by Sea Pines bore no relation to any amount due for labor performed or materials furnished, but instead represented an approximation of damages arguably due for improper termination of a contract. Based on this affidavit, special Judge Frank K. Sloan issued an *Ex Parte* rule to show cause dated April 29, 1976, requiring Sea Pines to show cause why the mechanic's lien should not be either withdrawn and cancelled, or reduced to such an amount as Sea Pines could reasonably hope to establish as properly cognizable under the mechanics' liens statutes.

A return to the rule was filed by Sea Pines and a hearing held before the Honorable Clarence E. Singletary, resident judge, on May 4. After viewing the exhibits, including a long and involved contract, and considering affidavits of both parties and oral argument, the judge adjourned the hearing until May 10, with instructions to Sea Pines to produce, in affidavit form, evidence that it had actually provided services constituting a proper subject for a mechanic's lien for which it had not been paid. Affidavits of Robert Marvin, a landscape architect, and of James W. Light, President of Sea Pines, were supplied and the hearing resumed on May

10. At the end of this hearing, in open court, the judge announced his ruling by stating to counsel for Sea Pines:

"I don't think you've come under the mechanic's lien statute in South Carolina. I'm going to rule with the defendants [Kiawah] and if you will prepare an order I will sign. I just think you're going to have to look for a judgment for damages and collect it after you've gotten it, if you get it. . . ."

Thereafter, a written order was filed, vacating the mechanic's lien.

We are asked by Sea Pines to rule that the lower court erred in vacating the mechanic's lien.

Sea Pines argues first that the lower court erred in using a nonstatutory method for removing the mechanic's lien. The statute provides four ways for discharging such a lien:

(1) by posting bond as provided by § 45-261, Code of Laws of South Carolina (1962), or

(2) by showing that the filer of the lien has willfully and knowingly claimed more than is due (Code § 45-260), or

(3) by showing that a suit was not commenced within six months to collect the debt, as provided by § 45-262, or

(4) by defeating the claim upon trial.

These are the customary ways that mechanics' liens are discarged, but we refuse to hold that such a lien may not be discharged in any nonstatutory fashion. After one ceases to supply labor or materials,he has six months to commence an action for collection of the debt and foreclosure of the lien. An unscruplous claimant might file a spurious claim and curtail the landowner's full enjoyment of his property unless the court has authority to grant relief. We can envision situations in which irreparable damages could be inflicted upon a landowner unless the door of the court be opened to him. A bond can be required of the landowner to secure the claimant, but no bond can be required of the claimant to secure the landowner against damages.

This point has never been before this Court. There is no precedent for our ruling, but we think that the court has inherent powers to afford relief where the deprivation imposed by a wrongfully filed mechanic's lien cannot be corrected by the statutory methods.

The authority to vacate a mechanic's lien may be somewhat likened to the judge's authority to grant a summary judgment if there is no genuine issue of material fact to be determined, or his authority to direct a verdict when the evidence is susceptible of only one reasonable inference. However, the judge to whom application for relief if made may not try disputed facts. These are reserved, under Code § 45-273, for the jury. This section reads in part as follows:

"Every material question of fact arising in the case shall be submitted to a jury, if required by either party or deemed proper by the court, and the trial shall be had upon a question stated or an issue framed or otherwise, as the court may order."

We hold that the judge had the authority to entertain the motion and the authority to grant relief upon a proper showing.

Having ruled that the lower court possessed the power to vacate the mechanic's lien, the question remains whether, in so doing, that power was properly exercised. Therefore, we must determine (1) whether the services rendered by Sea Pines are covered by the mechanics' liens law, Code § 45-251, *et seq.*, and (2) if the services are covered, whether Sea Pines has been paid in full for those services.

As to whether the services of Sea Pines are covered by the mechanics' liens law, § 45-251, *as amended* (Supp. 1973), provides as follows:

"As used in this section, labor performed or furnished in the erection, alteration or repair of any building or structure upon any real estate shall include the work of making such

real estate suitable as a site for such building or structure. Such work shall be deemed to include, but not be limited to, the grading, bulldozing, leveling, excavating and filling of land (including the furnishing of fill soil), the grading and paving of curbs and sidewalks and all asphalt paving, the construction of ditches and other drainage facilities and the laying of pipes and conduits for water, gas, electric, sewage and drainage purposes."

In *Williamson v. Hotel Melrose,* 110 S. C. 1, 96 S. E. 407 (1918), this Court held that an architect who furnished plans for a building and supervised the construction, and a contractor who furnished oversight for the purchase of materials and the hiring of laborers, were covered by the mechanic's liens law. This was, of course, before the amendment quoted hereinabove.

The contract which outlines the services to be performed by Sea Pines is voluminous and complex. By its terms Sea Pines undertakes to supervise the planning and developing of Kiawah Island, which comprises some 4,000 acres of land, into a luxury resort. The services to be performed for the development of the island were basically the same kind of services performed by a landscape architect in preparing a site plan, or an architect in designing a building. Sea Pines was to supply a trained staff to Kiawah. It was to furnish plans and supervision of construction.

Taking all this into consideration, the trial judge stated, and we agree:

"I think Sea Pines has rendered the type of service which would permit the filing of a mechanic's lien if they have rendered these services for which they have not been paid."

As to whether Sea Pines has been fully paid for services rendered that are properly the subject of a mechanic's lien the judge held in his order:

"I find that the Plaintiff has been paid for services which it performed under the Contract and that it is not entitled

to a Mechanic's Lien for damages which might accrue to it, if it is successful in the lawsuit pending in the United States District Court. [1]"

Sea Pines admits "that it is not entitled to a mechanic's lien for damages, but respectfully submits that the court erred in concluding that Sea Pines was seeking a mechanic's lien for damages. On the contrary, the verified petition and affidavits of Sea Pines show that the company seeks a mechanic's lien for the reasonable value of the services it has rendered." We agree that a mechanic's lien under the statute is not a vehicle for collecting damages for breach of contract. The statute, by its own terms, secures a debt "for labor performed or furnished or for materials furnished and actually used."

Under the terms of the contract, payments in the amount of $50,000 per month were to be made during the initial stages of the development.

On March 30, 1976, Kiawah terminated the contract. It is the contention of Kiawah that the payments made at that time compensated Sea Pines for all of the services and materials which had been supplied and, accordingly, no debt exists and no mechanic's lien is proper. It is the contention of Sea Pines that payments heretofore made were advancements only toward the total payment of the overall contract and that much more work and material have been supplied than is represented by payments already made.

As indicated hereinabove, the question of whether Sea Pines has been paid in full is as complex as the contract from which the claim arises. The judge was asked to rule upon a three million, six hundred thousand dollar claim without so much as the complaint or petition upon which the claim is based. We are of the opinion that the nature of the claim and

---

[1] Pending in the United States District Court in a separate action is a claim by Kiawah's parent company against Sea Pines and a counter-action by Sea Pines involving some of the issues arguably for determination in this case.

the complexity of the contract are such that the mechanic's lien should not have been vacated on the showing made. The facts are disputed and reasonable men may disagree as to whether Sea Pines has been paid for all of the labor and material furnished and used as contemplated by the mechanic's lien statute. A *prima facie* case for the filing of the mechanics' lien was made to the court and we think the court erred in vacating and discharging the lien.

After the judge vacated the mechanic's lien, counsel for Sea Pines filed a complaint or petition of foreclosure and a *lis pendens* for the purpose of completing the record and protecting its rights. The judge vacated the *lis pendens,* which was consistent with nullifying the mechanic's lien. Having held that the mechanic's lien was improperly vacated, it follows that the *lis pendens* was also erroneously vacated.

Having disposed of Sea Pines' appeal, we now consider the additional sustaining grounds filed by Kiawah.

Kiawah submits the lower court should be affirmed because Sea Pines has failed to present any evidence that services constituting a proper basis for a mechanic's lien had been furnished within 90 days preceding the filing of the lien. The affidavit of James W. Light, President of Sea Pines, avers that it performed labor and furnished materials from on or about March 15, 1974, and continuing from that date up to and including on or about February 28, 1976. The mechanic's lien was filed on April 28, 1976, which would be within the 90 day period. We find no merit in the contention.

Kiawah submits that the services for which Sea Pines claims compensation are not a proper basis for a mechanic's lien in South Carolina. We have disposed of this issue hereinabove adverse to this contention.

Kiawah lastly contends that the order of the lower court should be affirmed on the ground that absent the action taken by the court, the mechanics' liens

statute deprives the property owner of due process of law in violation of the United States Constitution and the South Carolina Constitution, and also submits that the order of the lower court should be affirmed because the mechanics' liens statute, as amended, violates Article 3, § 17 of the South Carolina Constitution. Neither of these questions was raised in the court below and they are not proper for consideration for the first time on appeal.

Reversed and Remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.