20579

Dorman E. BLACK, Appellant, v. Robert W. HAILE and Brenda C. Haile, Respondents.

(240 S. E. (2d) 646)

*Grimball, Cabaniss, Vaughan & Guerard,* of Charleston, *for Appellant,*

*Philip A. Middleton, and Rawl, Runey & Benton,* of Charleston, *for Respondent,*

January 11, 1978.

RHODES, Justice:

This is an appeal from an order of the lower court dissolving a mechanic's lien and dismissing the suit to foreclose it. The lower court held that the appellant had not complied with §§ 29-5-90 and 29-5-100 of the 1976 Code of Laws of South Carolina. The lower court was in error since, on the record before us, a conclusion of non-compliance with these Code sections could have been based only on material facts which are in issue. Accordingly, we reverse and remand.

This case arises out of a contract in which the appellant, a contractor, agreed to build a dwelling for respondents at a price of $49,000. Before completion of the structure, a dispute arose and the appellant subsequently filed notice of his mechanic's lien on account of materials and labor furnished in the sum of $46,414.00. In his petition to foreclose the lien, the appellant alleged that after he had substantially completed the structure, the respondents entered the property and would not allow him to finish construction. The respondents alleged that the appellant breached the contract. Some six months after the lien had been filed with the Registrar of Mesne Conveyances, the respondents moved for an order dissolving the lien. This motion was later amended to include a request for dismissal of the foreclosure action.

Although the respondents' motion was granted on the ground of non-compliance with the previously mentioned Code sections, the lower court's order does not specify in what particulars the appellant failed to comply with these sections. Respondents allege non-compliance in that appellant failed to file "a just and true account of the amount due him, with all just credits given", § 29-5-90, and further that appellant "willfully and knowingly claimed more than is his due," § 29-5-100.

In *Sea Pines Co. v. Kiawah Island Co., Inc.,* 268 S. C. 153, 232 S. E. (2d) 501 (1977), this Court held that the trial judge has the authority to vacate a mechanic's lien. The Court stated that this authority "may be somewhat likened to the judge's authority to grant a summary judgment if there is no genuine issue of material fact to be determined, or his authority to direct a verdict when the evidence is susceptible of only one reasonable inference. However, the judge to whom application for relief is made may not try disputed facts. These are reserved, under Code § 45-273 [now S. C. Code § 29-5-230 (1976)],[1] for the jury." *Id.,* 232 S. E. (2d) at 502.

From the record presented us—the pleadings of the parties, the contract, and the copy of the lien filed by appellant—it is readily apparent that there are genuine issues of material fact in dispute. The amount owed the appellant depends upon which of the allegations of the respective parties are to be believed. The record does not permit of any one reasonable inference as to the amount due. Since there is a genuine issue as to this amount, the trial judge could not have properly concluded that the notice of lien filed did not state "a just and true account of the amount due." It follows, therefore, that there is no basis for the conclusion that the appellant "has willfully and knowingly claimed more than his due."

---

[1] This section reads in part: "Every material question of fact arising in the case shall be submitted to a jury, if required by either party or deemed proper by the court. . . ."

Respondents contend that the appellant has not satisfied the requirements of § 29-5-90 because he did not file an itemized statement of account. The language of the statute does not require itemization nor have we been cited to any cases which have interpreted the statute as imposing such a requirement. This position is without merit.

There being a genuine issue as to the material facts, the lower court's order dissolving the lien and dismissing the action to foreclose was in error.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.