1876

Frank COBB, d/b/a Cobb Plumbing Service, Respondent v. George E. MAC-CARO, Ann S. Maccaro and Greenwood National Bank, of whom George E. Maccaro and Ann Maccaro are, Appellants.

(423 S.E. (2d) 156)

Court of Appeals

*John DeVore Compton, III*, Greenwood, *for appellants.*

*John Beasley*, Greenwood, *for respondent.*

Heard Sept. 9, 1992.

Decided Oct. 5, 1992.

GARDNER, Judge:

Respondent, Frank Cobb (Cobb), filed a mechanic's lien against the property of the Appellants, George E. and Ann S. Maccaro (the Maccaros). The Maccaros petitioned to vacate the lien under S.C. Code Ann. § 29-5-100 (1976) on the ground that Cobb had "wilfully and knowingly claimed more than is his due." The trial judge denied the Maccaros' motion with leave to renew the issue during later proceedings. The Maccaros appeal from the order. We dismiss because this order is not appealable.

## DISCUSSION

The ability of this Court to hear appeals is limited by statute. *See* S.C. Code Ann. § 14-3-330 (1976 & Supp. 1991).

Only final judgments, including those arising from a special or collateral proceeding after judgment, and certain interlocutory orders are appealable. Only interlocutory orders which (1) involve the merits; (2) affect a substantial right; or (3) involve certain orders regarding injunctions and appointments of receivers, can be appealed. *Id.* The case at hand addresses the appealability of a denial to vacate a mechanic's lien.

The Maccaros' counsel first argues the order is appealable because it affects a substantial right. *See* S.C. Code Ann. § 14-3-330(2) (1976). The Maccaros contend that their right to avoid a burden on their title and to avoid defending foreclosure is impinged upon by the trial judge's denial of their motion to vacate the mechanic's lien.

To appeal an order affecting a substantial right, an order must not only involve a right, but it must also "pre-vent[ ] a judgment from which an appeal might be taken." *Ex parte Johnson,* 63 S.C. 205, 208, 41 S.E. 308, 309 (1902) (this case has been renamed in the West Reporter; *see Rutledge v. Tunno); see also* S.C. Code Ann. § 14-3-330(2)(a) (1976). In the present case, the trial judge's order preserves the Maccaros' right to renew their claim for statutory dissolution of the lien during later proceedings. The Maccaros, therefore, will not be denied a later judgment from which they can appeal the same issue. Furthermore, the Maccaros have no right to avoid defending against foreclosure because our Supreme Court has held that avoidance of trial is not a substantial right. *Shields v. Martin Marietta Corp.,* 303 S.C. 469, 402 S.E. (2d) 482 (1991).

Secondly, the Maccaros contend that the order is immediately appealable because it was decided on the merits. *See* S.C. Code Ann. § 14-3-330(1) (1976). This assertion must be viewed in light of the Maccaros' substantive arguments.

In the proceedings below, the Maccaros argued that the mechanic's lien should be vacated because Cobb had "wilfully and knowingly claimed more than is his due" with regard to the lien. *See* S.C. Code Ann. § 29-5-100 (1976). Under South Carolina law, a court cannot dissolve a lien if the mechanic makes a prima facie showing for filing the lien or if the amount owed depends upon which of the parties' allegations are to be believed. *Sea Pines Co. v. Kiawah Island Co.,* 286 S.C. 153, 232 S.E. (2d) 501 (1977); *Black v. Haile,* 270

S.C. 93, 240 S.E. (2d) 646 (1978). In sum, statutory authority to dissolve a lien is in the nature of a summary judgment because it is only available when there is no genuine issue of material fact.

We hold, therefore, that the Maccaros are appealing from the denial of a motion which is very similar, by their own admission, to a summary judgment proceeding. It is well-settled law that denials from summary judgment motions are not appealable. *E.g., Gilmore v. Ivey*, 290 S.C. 53, 348 S.E. (2d) 180 (Ct. App. 1986); *Associates Fin. Serv. Co. of S.C. v. Gordon's Auto Sales, Inc.*, 283 S.C. 53, 320 S.E. (2d) 501 (Ct. App. 1984). For these reasons we dismiss.

## CONCLUSION

We hold that a motion to dissolve a mechanic's lien is governed by the law relating to a summary judgment. Denial from a summary judgment motion is not appealable. We, therefore, dismiss.

Dismissed.

GOOLSBY, J., and LITTLEJOHN, Acting A.J., concur.