2475

UTILITIES CONSTRUCTION CO., INC., of South Carolina, Appellant
v. Mary B. WILSON, Respondent.

(468 S.E. (2d) 1)

Court of Appeals

*Stephen P. Groves, William Bobo, Jr.,* and *Stephen L. Brown,* all of *Young, Clement, Rivers & Tisdale,* of Charleston, *for appellant.*

*Mark A. Mason,* of *The Mason Law Firm,* of Mt. Pleasant, *for respondent.*

Heard Jan. 10, 1996.

Decided Mar. 4, 1996.

CURETON, Judge:

This appeal emanates from an order granting attorney fees and interpreting a jury verdict. Utilities Construction Company, Inc. (Utilities), an electrical contractor, filed a complaint against Mary Wilson alleging causes of action for foreclosure of a mechanic's lien, unjust enrichment, and breach of contract. The action arose out of work performed by Utilities on property located at the Rainbow Market in Charleston. The court directed a verdict in favor of Wilson on the mechanic's lien cause of action because Utilities failed to timely serve notice of the mechanic's lien. The case was submitted to the jury on the breach of contract and unjust enrichment causes of action. The jury returned a verdict in favor of Utilities awarding "$8,754.29 actual damages plus 1½% interest." Wilson moved for an award of attorney fees pursuant to the mechanic's lien statute. The court awarded her attorney fees of $3,378.50. Wilson subsequently tendered $9,276.60 to Utilities in payment of the judgment, but a dispute arose between them over the amount of interest due under the jury's verdict. The parties then asked the trial judge to interpret the verdict and the court concluded Wilson had tendered the full amount due on the verdict.[1] Utilities appeals the orders. We affirm in part, reverse in part and remand.

[1] The court interpreted the jury verdict to mean an award of $8,754.29 plus interest of 1½% of $8,754.29 which equaled $131.31. Postjudgment interest at the legal rate of interest from the date of the verdict until the date of Wilson's

## I.

Utilities first contends the court erred in awarding attorney fees to Wilson for several reasons. We find no error.

Utilities first contends Wilson did not request attorney fees in her answer and is therefore barred from recovering them. Utilities did not raise this argument to the trial court and may not now raise it for the first time on appeal. *Ex parte McMillan, In re Parker v. Morin*, 319 S.C. 331, 461 S.E. (2d) 43 (Sup. Ct. 1995) (Davis Adv. Sh. No. 18 at 15). Additionally, even if properly raised, we find no prejudice to Utilities because it had notice of the potential for an award of attorney fees given the mandatory language of the mechanic's lien statutes. *See* S.C. Code Ann. § 29-5-10 and 20 (1991 & Supp. 1995); *T.W. Morton Builders v. von Buedingen*, 316 S.C. 388, 450 S.E. (2d) 87 (Ct. App. 1994).

Utilities also asserts the court erred in awarding attorney fees to Wilson because it was the prevailing party on the verdict. As previously noted, the complaint contained three causes of action. The court directed a verdict for Wilson on the mechanic's lien cause of action. The case was submitted to the jury on the breach of contract and unjust enrichment causes of action. The jury returned a verdict in favor of Utilities for the amount of its unpaid invoices.

The issue of Wilson's entitlement to attorney fees is one of statutory construction. In interpreting a statute, the primary rule of construction is to ascertain the intention of the Legislature. *First South Savings Bank v. Gold Coast Assoc.*, 301 S.C. 158, 390 S.E. (2d) 486 (Ct. App. 1990). S.C. Code Ann. § 29-5-10 affords a mechanic or contractor who deals with the owner of real property a lien for labor and materials, and provides that "[t]he costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may[2] be recovered by the prevailing party." A fair interpretation of the text of the statute convinces us that it is the enforcement of the lien which confers the right to attorney fees, and not the joinder of

---

tender of payment was $391. Therefore, the court concluded the total judgment amounted to $9,276.60 which was the sum tendered by Wilson to Utilities.

[2] In *T.W. Morton Builders, Inc. v. von Buedingen*, — S.C. —, 450 S.E. (2d) 87 (Ct. App. 1994), we interpreted "may" as shall.

an attempted enforcement with another nonstatutory cause of action on which the lienor prevails. In addition to affording an aggrieved mechanic a complete remedy for the collection of his debt, we recently held the Legislature also intended to afford a property owner a remedy where a mechanic attempts to enforce a defective or wrongful mechanic's lien. *See Cedar Creek Properties v. Cantelou Assoc.*, 320 S.C. 483, 465 S.E. (2d) 774 (S.C. Ct. App. 1995) (Davis Ad. Sh. No. 1 at 7) (clearly, the intent of the Legislature in allowing the prevailing party in an action brought under the mechanic's lien statute to recover attorney fees and costs stems from a desire to deter both wrongful filing of liens and unjustified refusal to pay debts subject to mechanic's liens). Judge Farmer, in his specially concurring opinion in *M & P Concrete Products, Inc. v. Woods,* 590 So. (2d) 429 (Fla. 4th D.C. App. 1991), addressed a similar attorney's fee provision in the Florida statute as follows:

> From the language chosen, one can reasonably infer that the legislature was persuaded that the assertion of an invalid lien might have consequences affecting title to real property which the failed lienor should pay for in attorney's fees. At the same time, it appears to have concluded that those planning on using the device of [a mechanic's lien] to force another party to a transaction to pay money, which that party might not otherwise have paid in the absence of the invalid lien claim, might be dissuaded from the attempt by liability for fees.

*Id.* at 431.

Utilities cites several Florida cases for the proposition that Wilson should not recover attorney fees because she did not prevail in the lawsuit. In Florida, commencing with the case of *Emery v. International Glass & Manufacturing,* 249 So. (2d) 496 (Fla. D.C. App. 1971), the district courts of appeal developed what has become known as the "net judgment" rule. In *Emery,* the contractor failed in its efforts to foreclose its mechanic's lien, but nonetheless recovered a judgment against the owner on the construction contract. In affirming a denial of attorney fees to the owner, the court stated:

> [I]t was obviously not the intent of the legislature to award attorneys' fees to a defendant in a mechanics' lien foreclosure merely because he successfully defends

against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit. To conclude otherwise would be anathema to the purpose of the mechanics' lien law which is to afford the laborer or materialman adequate assurance of being fully compensated for his labor or services.

*Id.* at 500.

The Florida Supreme Court first addressed the "net judgment" rule in *Prosperi v. Code, Inc.*, 626 So. (2d) 1360 (Fla. 1993). While not rejecting the net judgment rule, the court disapproved of the automatic and mechanical application of the rule to deny an owner attorney fees simply because the mechanic recovered a verdict in the lawsuit in an amount exceeding that recovered by the owner. The court decided the fairest way to proceed in such cases is to permit the trial judge, on a case by case basis, to determine who is the prevailing party based on equitable principles. We have some difficulty applying the Florida equity rule in view of the fact that, unlike Florida, a mechanic's lien foreclosure in this state is a legal proceeding. The court in *Prosperi* placed significance on the language of the statute which provides that attorney fees should be taxed as costs "as allowed in equitable actions."[3] Our courts have made it clear that while the amount of attorney fees to be awarded under S.C. Code Ann. § 29-5-10(a) (1991) is discretionary with the court, the question of entitlement is not. *T.W. Morton Builders*, 450 S.E. (2d) at 94. We therefore discern no intent of the legislature to temper the mandatory nature of the mechanic's lien statute with equity principles.

By directing a verdict in favor of Wilson, the court found Utilities failed as a matter of law to prove its right to foreclose the mechanic's lien. We therefore conclude Wilson was the prevailing party on the mechanic's lien cause of action as she successfully defended Utilities' effort to enforce the lien and recover attorney fees and costs in that action. *See Cedar*

---

[3] Florida's statute, Fla. Stat. 713.29 (1979), provides: Attorney's fees—In any action to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, *as allowed in equitable actions.* (Emphasis ours.)

*Creek Properties v. Cantelou Assoc.*, 320 S.C. 483, 465 S.E. (2d) 774 (S.C. Ct. App. 1995) (Davis Adv. Sh. no. 1 at 7). Clearly, under the statute a party is entitled to recover attorney's fees if she prevails in defending against the lien. S.C. Code Ann. § 29-5-10(a).

## II.

Utilities next argues the attorney fee award was excessive in view of the fact Wilson was required to defend two other causes of action and the fee awarded necessarily compensated her attorney for time spent in defending all three causes of action. We agree. The trial court awarded attorney fees and costs of $3,378.50 based on an affidavit submitted by Wilson's attorney. The affidavit expresses entitlement to that sum stating $3,378.50 was "his total fee for services [rendered] through trial herein. . . ." It is evident that some substantial portion of Wilson's counsel's time was spent on defending the other causes of action in which she was not successful. In fact, as is evidenced by Wilson's counsel's opening argument, her principal defense was that Utilities sued the wrong person because, her mother, not herself, hired Utilities to do the work. We find an abuse of discretion as to the amount of the attorney fee award and remand to the trial court for the entry of an award based upon the time Wilson's counsel spent in defending the mechanic's lien cause of action only.

## III.

Utilities also asserts the court erred in interpreting the jury verdict. Utilities argues the verdict should be interpreted to award it prejudgment interest at the rate of 1½% per month from the date of its invoices until the date of judgment. Utilities bases its position upon its complaint and the court's instructions to the jury. The complaint contains allegations concerning prejudgment interest at the rate of 1½% per month. During the jury charge, the court summarized the pleading by telling the jury "the plaintiff prays for a judgment against the defendant Wilson in the amount of $8,754.29 plus interest at the rate of *one and one-half percent per month*." The verdict form states "$8,754.29 actual damages plus 1½% interest." Despite the fact we think the jury intended to

award interest at the rate of 1½% per month, we sustain the court's award of "1½ percent interest" on the amount of the judgment.

Utilities failed to present any evidence at trial to support its claim for prejudgment interest. The invoices submitted by Utilities contain no statements about interest and there is no evidence of any other written agreement. Neither the complaint nor the court's oral summary of the allegations to the jury constitute evidence. Therefore, Utilities has not shown an entitlement to contractual prejudgment interest in any amount and suffers no prejudice from the award as interpreted by the trial court.

## IV.

Utilities next argues the trial court erred in terminating the accrual of postjudgment interest on the date of Wilson's tender of the amount of the judgment plus 1½% of the judgment because such was not a full tender of the judgment amount. Judgment was entered on February 14, 1994, and Wilson tendered a check for $9,276.60 to Utilities on April 25, 1994. With the consent of Wilson's attorney, Utilities held the check pending resolution of the verdict question. The court interpreted the interest issue in accordance with Wilson's position and we have affirmed the trial court on that issue. Given the fact Wilson made a tender of the full amount of the judgment to Utilities on April 25, we find no error in the court's calculation of the postjudgment interest as of that date. *See Sears v. Fowler*, 293 S.C. 43, 358 S.E. (2d) 574 (1987) (a judgment creditor, who was offered the full amount of an unambiguous jury verdict during pendency of appeal based upon insufficiency of verdict, held not entitled to interest during pendency of appeal where verdict is later upheld).

Affirmed in part; reversed in part and remanded.

HOWELL, C.J., and CONNOR, J., concur.