THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Paul Zahn, individually and d/b/a Zahn Construction Company,       
Respondent,
 
 
 

v.

 
 
 
Sadie Allen and Abbeville Savings & Loan,       
Defendants,
Of Whom Sadie Allen is the       
Appellant.
 
 
 

Appeal From Abbeville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-261
Submitted March 8, 2004  Filed April 
 19, 2004

AFFIRMED

 
 
 
Hemphill P. Pride II, of Columbia, 
 for Appellant.  
Edward S. McCallum, III, of Greenwood, and James B. Richardson, 
 Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this action to foreclose 
 a mechanics lien, the trial court awarded homebuilder Paul Zahn a $43,848.73 
 judgment against homeowner Sadie Allen.  Allen appeals, arguing the trial court 
 erred in:  (1) finding the mechanics lien was timely filed; (2) ruling she 
 was liable under the contract; and (3) awarding attorneys fees to Zahn.  We 
 affirm. [1] 
BACKGROUND
The parties contracted for Zahn to build 
 Allen a house.  The house was based on a design the parties modified to accommodate 
 Allens needs including handicapped features for her mother.  It is undisputed 
 Zahn made mistakes in constructing the home.  He also failed to deliver it in 
 a timely fashion.  After Zahn informed Allen the home was complete and demanded 
 payment, Allen refused to pay the remainder due under the contract until the 
 home could be independently inspected.  In response to a complaint filed by 
 Allen, an inspector with the South Carolina Department of Labor, Licensing, 
 and Regulation inspected the home, finding a number of construction deficiencies.  
 Zahn repaired the items noted in the report and approximately a month later 
 filed a mechanics lien and this action.  Allen answered, asserting several 
 affirmative defenses and a breach of contract counterclaim.  Zahn completed 
 additional repairs after the filing of pleadings.  However, problems continued 
 with the home.  
Following a bench trial, the trial court issued an 
 order finding Zahn timely filed the mechanics lien and awarding him $43,848.73.  
 This amount reflected two setoffs to Allen, one for the interest she lost during 
 the time between scheduled delivery and actual completion and another for repair 
 costs to correct an error in the foyers construction.  The court also held 
 Zahn was entitled to legal fees and costs it later determined to be $14,610.08.  

DISCUSSION
 I.     Filing of the Mechanics Lien 
 
Allen argues the trial 
 court erred in concluding Zahn timely filed his mechanics lien.  We disagree.
An action to foreclose a mechanics lien is a 
 law case in South Carolina.  Keeneys Metal Roofing, Inc. v. Palmieri, 
 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001).  In an action at law 
 tried without a jury, the appellate courts standard of review extends only 
 to the correction of errors of law.  Barnacle Broad. v. Baker Broad., 
 343 S.C. 140, 146, 538 S.E.2d 672, 675 (Ct. App. 2000), cert. dismissed, 
 348 S.C. 11, 558 S.E.2d 516 (2002).  Therefore, the trial courts factual 
 findings will not be disturbed on appeal unless the record discloses there is 
 no evidence reasonably supporting the courts findings.  Id.
Mechanics liens 
 [2] serve to secure payment for a person to whom a debt is due for labor 
 performed or furnished or for materials furnished and actually used in the erection 
 . . . of a building or structure . . . by virtue of an agreement with, or by 
 consent of, the owner of the building or structure.  S.C. Code Ann. § 29-5-10(a) 
 (Supp. 2003). 
For a person to be entitled to enforce 
 a mechanics lien, he must file within ninety days of furnishing labor or materials 
 for the building or structure.  S.C. Code Ann. § 29-5-90 (providing a mechanics 
 lien shall be dissolved unless the person holding the lien serves and files 
 the lien within ninety days of providing labor or materials); see also 
 Preferred Sav. & Loan Assn, Inc. v. Royal Garden Resort, Inc., 301 
 S.C. 1, 4, 389 S.E.2d 853, 854 (1990) (stating when a person files a mechanics 
 lien, he is essentially asserting work has been performed in the ninety days 
 prior to filing for which he is entitled to a lien).  
The court found for Zahns lien to be timely, he 
 must have performed work sometime between March 28 and June 26, 2000, the date 
 he filed the lien.  Zahn sent Allen a letter on May 31, 2000 stating the problems 
 outlined in LLRs April 6 report had been remedied.  Based on this letter and 
 the testimony adduced at trial, the court found Zahn performed work within the 
 ninety-day period.  Thus the trial court properly found Zahn timely filed his 
 lien.
Allen also argues S.C. Code Ann. § 29-5-250 (1991) 
 precludes Zahn from asserting a mechanics lien under the facts of this case.  
 However, because Allen raises this issue for the first time on appeal, it is 
 not preserved.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 
 S.E.2d 731, 733 (1998) (finding an issue must be raised to and ruled on by the 
 trial court to be preserved for appeal).
II.    
Enforceability of Mechanics Lien
Allen also contends the trial court erred in finding 
 an enforceable mechanics lien because it should have found Allen was not liable 
 under the contract.  The contract provides for final payment to be made at 
 the time of completion.  Allen asserts because numerous problems arose during 
 construction, the house was never completed, and thus, the final payment never 
 became due.  We disagree.  
Allen points to several deficiencies as evidence 
 the house was not completed, including problems with the garage, the foundation, 
 the foyer, and the roof trusses.  She also contends Zahn failed to deliver the 
 house for inspection.  Zahn repaired some of these items and the trial court 
 granted Allen setoffs (1) for the interest she paid to the bank and lost in 
 investment income caused by the delay in delivery and (2) to bring the foyer 
 into compliance with the building plans.  However, the court further noted [a]ny 
 other setoffs alleged by [Allen] that are not mentioned in this order are denied 
 because they lacked evidence in the record to support them or no damages were 
 proven by Allen.  Allen does not challenge the sufficiency of the setoffs, 
 either by the items they covered or the amounts credited to her.  
Additionally, Zahns action was based on a mechanics 
 lien, not the parties contract.  A mechanics lien secures payment to the provider 
 of materials and labor who provides them either by agreement with or consent 
 of the recipient, regardless of the existence of a formal contract.  See 
 S.C. Code Ann. § 29-5-10(a) (providing a person due a debt for labor or materials 
 furnished in the building, alteration, or repair of a structure on real estate 
 shall have a lien against the structure and the owners interest in the land 
 on which it is situated).  Thus whether Zahn can enforce a mechanics lien against 
 Allen is based on the materials and labor he provided in the homes construction, 
 not whether he could demand full payment of the contract amount.  
Although the court found Zahn breached his agreement 
 with Allen, it also found Zahn was entitled to $57,340 for labor and materials 
 minus the amount of Allens setoffs.  In addition to the major construction 
 efforts, the record demonstrates Zahn repaired all items brought to his attention 
 by LLR, additional items asserted by Allens engineer, and that he even made 
 repairs during the pendency of litigation.  Because the evidence supports the 
 courts ruling, it properly held the mechanics lien was enforceable against 
 Allen.  
III.    
Attorneys Fees
Allen also argues the trial court erred in granting 
 attorneys fees to Zahn.  We disagree. 
South Carolina Code section 29-5-10(a) clearly 
 provides [t]he costs which may arise in enforcing or defending against the 
 lien under this chapter, including a reasonable attorneys fee, may be recovered 
 by the prevailing party.  S.C. Code Ann. § 29-5-10(a).  This section further 
 provides the amount of the fee recovered is to be decided by the court, but 
 in no event should the fee and costs exceed the amount of the lien.  Id.
Subsection (b) provides instructions to determine 
 who is the prevailing party for the purposes of awarding attorneys fees and 
 litigation expenses.  The party whose settlement offer is closer to the ultimate 
 verdict is the prevailing party.  In the event neither party makes a settlement 
 offer, the amount prayed for in the complaint is considered the plaintiffs 
 offer and the value of defendants counterclaim is the negative value of his 
 settlement offer.  S.C. Code Ann. § 29-5-10(b).  
As neither party made a settlement offer under 
 section 29-5-10(b), Zahns offer is considered the amount he prayed for in his 
 complaint, or $58,355, whereas Allens is considered to be the value of her 
 counterclaim, or negative $5,000.  Because Zahns settlement offer is closer 
 to the ultimate verdict of $43,848.73 than negative $5,000, Zahn is clearly 
 the prevailing party and therefore entitled to attorneys fees.  See 
 Brasington Tile Co., Inc. v. Worley, 327 S.C. 280, 288, 491 S.E.2d 
 244, 248 (1997) (holding that in determining the prevailing party in a mechanics 
 lien case, the ultimate verdict should include setoffs).  
However, Allen argues the court erred in considering 
 the contingency fee agreement between Zahn and his attorney because the agreement 
 did not differentiate between the amount of time spent on assertion of the lien 
 claim and the time spent defending against Allens counterclaims.  Allen relies 
 on Utilities Constr. Co., Inc. v. Wilson, 321 S.C. 244, 468 S.E.2d 1 
 (Ct. App. 1996), to support the argument that the time spent by Zahns counsel 
 on these items should be separate.  We find this reliance misplaced.  
In Utilities Constr., a utility company brought three 
 causes of action against Wilsona mechanics lien foreclosure claim, unjust 
 enrichment, and breach of contract.  The court directed a verdict against the 
 utility company on the mechanics lien claim, and the remaining causes of action 
 were submitted to the jury.  The jury subsequently returned a verdict for the 
 utility company.  Id. at 246, 468 S.E.2d at 2.  
Having prevailed on the mechanics lien claim, the court 
 awarded Wilson attorneys fees pursuant to S.C. Code Ann. § 29-5-10(a).  Id.  
 The utility company appealed this award arguing it should have received the 
 award because it was the prevailing party on the verdict.  The court disagreed, 
 holding it is the enforcement of the lien which confers the right to attorneys 
 fees, and not the joinder of an attempted enforcement with another non-statutory 
 cause of action on which the lienor prevails.  Id. at 247-248, 468 S.E.2d 
 at 2.  Accordingly, the case stands for the proposition that when a plaintiff 
 brings a mechanics lien action along with other causes of action, if the plaintiff 
 does not prevail on the mechanics lien claim, he or she is not entitled to 
 attorneys fees under the statute.  As the case does not stand for the proposition 
 for which Allen cites it, we find her argument without merit.
Allen also argues the trial court erred by considering the 
 contingency fee agreement in awarding attorneys fees because it does not comport 
 with Rule 407, SCACR.  We disagree.  The reasonableness of a statutorily mandated 
 attorneys fee award is not controlled by a contract between lawyer and client.  
 See, e.g., Jackson v. Speed, 326 S.C. 289, 308, 486 S.E.2d 750, 
 759 (1997); see also Blumberg v. Nealco, Inc., 310 S.C. 492, 494, 
 427 S.E.2d 659, 660 (1993) (noting six factors to be considered when considering 
 reasonableness of an award for attorneys fees).
 AFFIRMED.
HUFF and STILWELL, JJ., and
CURETON, A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]        Mechanics liens are creatures of statute in South Carolina.  
 See S.C. Code Ann. §§ 29-5-10  440 (1991 & Supp. 2003).