THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Southeastern Realty and Construction, Inc., Respondent,
 
 
 

v.

 
 
 
 Myron Burdge and Judy Burdge, Appellants.
 
 
 

Appeal From Charleston County
 C. Allen Gibson, Jr., Special Referee

Unpublished Opinion No. 2005-UP-622
Submitted December 1, 2005  Filed December 9, 2005

REVERSED AND REMANDED

 
 
 
 Jon L. Austen, Ian W. Freeman, of Charleston; for Appellants.
 John P. Seibels, Jr., of Charleston; for Respondent.
 
 
 

PER CURIAM:  Myron and Judy Burdge (Appellants) appeal the special referees order denying their request for attorneys fees and costs made pursuant to a mechanics lien filed by Southeastern Realty and Construction, Inc. (Southeastern).  As the prevailing party, the Burdges claim they are entitled to attorneys fees despite the dismissal of the mechanics lien due to Southeasterns failure to file a lis pendens.  We reverse and remand.[1]
FACTS
On September 30, 1999, the Burdges entered into a contract with Southeastern for the construction of a residence on Wadmalaw Island.  The parties agreed on a contract price of $838,979 and a period of eleven months for substantial completion of the project. 
On October 9, 2001, Southeastern filed a mechanics lien, alleging the Burdges owed $107,782.42 on the contract, which included change orders.  Shortly thereafter, Southeastern filed a complaint, seeking to foreclose on the mechanics lien and alleging a cause of action for breach of contract.  The Burdges answered and counterclaimed, asserting causes of action for negligence, breach of contract, breach of warranty, and slander of title.[2] 
Pursuant to section 29-5-10 of the mechanics lien statute, the Burdges filed an offer of settlement in the amount of $10,000.[3]  In response, Southeastern offered to settle the case for $70,000.  Between the times these settlement offers were filed, the parties consented to have the case tried by the special referee.  
The special referee held a two-day hearing.  At the conclusion of Southeasterns case, the Burdges moved for a directed verdict as to the mechanics lien action on the ground the requisite lis pendens had not been filed pursuant to section 29-5-120 of the South Carolina Code of Laws.[4] During the hearing and in a written order, the special referee granted the motion and dismissed the mechanics lien action.  In so holding, the special referee found the Burdges were not entitled to attorneys fees and costs under the mechanics lien statute given there was no effective mechanics lien.  The special referee further reasoned that the lack of a lis pendens could have been discovered at the time the mechanics lien was filed; thus, the Burdges waived their right to an award of attorneys fees by waiting approximately three years before raising the issue.  The case proceeded on Southeasterns remaining breach of contract claim and the Burdges counterclaims.
Ultimately, the special referee entered judgment against the Burdges in the amount of $36,269.27.  This award was based on the outstanding balance of $53,239.27 owed to Southeastern, which was offset by the damages in the amount of $16,970 incurred by the Burdges due to Southeasterns delay in completing the construction project.  The special referee denied both parties motions for reconsideration. 
The Burdges only appeal the special referees denial of their motion for attorneys fees and costs pursuant to the mechanics lien.
DISCUSSION
The Burdges argue the special referee erred in failing to award them attorneys fees and costs after dismissing Southeasterns mechanics lien.  In support of this argument, the Burdges contend they:  1) were the prevailing party because the special referee granted their directed verdict motion; 2) did not waive their right to attorneys fees and costs; and 3) were entitled to attorneys fees and costs because, despite the absence of a lis pendens, they had to defend against the mechanics lien which encumbered their property.  We agree.
An action to foreclose a mechanics lien is a law case in South Carolina.  Adams v. B & D, Inc., 297 S.C. 416, 420, 377 S.E.2d 315, 317 (1989).  In an action at law, tried without a jury, the judges findings will not be disturbed unless they are without evidentiary support. King v. PYA/Monarch, Inc., 317 S.C. 385, 388, 453 S.E.2d 885, 888 (1995).  His findings are equivalent to those of a jury in an action at law.  Id. at 389, 453 S.E.2d at 888.  The determination regarding the amount of attorneys fees that should be awarded under the mechanics lien statute is addressed to the sound discretion of the trial judge and his decision will not be disturbed absent an abuse of discretion.  D.A. Davis Constr. Co. v. Palmetto Props., Inc., 281 S.C. 415, 419, 315 S.E.2d 370, 372 (1984).
Section 29-5-20(A) requires the court to award reasonable attorneys fees and costs to the party defending against the mechanics lien if the defending party prevails in the action.  Keeneys Metal Roofing, Inc. v. Palmieri, 345 S.C. 550, 553-54, 548 S.E.2d 900, 902 (Ct. App. 2001).  To determine the prevailing party in a mechanics lien action, this court has explained:

 In the context of statutes allowing attorney fees, our supreme court has defined a prevailing party as [t]he one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered.  Heath v. County of Aiken, 302 S.C. 178, 182-83, 394 S.E.2d 709, 711 (1990)(quoting Buza v. Columbia Lumber Co., 395 P.2d 511, 514 (Alaska 1964)).  Thus, the court of appeals concluded in a mechanics lien foreclosure action the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees.  See Utilities Constr. Co. v. Wilson, 321 S.C. 244, 468 S.E.2d 1 (Ct. App. 1996).  According to Heath, a party need not be successful as to all issues in order to be found a prevailing party.  Heath, 302 S.C. at 182, 394 S.E.2d at 711; see Utilities Constr. Co., 321 S.C. at 248-49, 468 S.E.2d at 3-4.
 Therefore, in a mechanics lien action the defendant is entitled to an award of attorney fees as the prevailing party if it is determined that a mechanics lien cannot be enforced against it.

Seckinger v. The Vessel, Excalibur, 326 S.C. 382, 388, 483 S.E.2d 775, 777 (Ct. App. 1997).   Additionally, this court has stated:

 A fair interpretation of the text of [section 29-5-10(a)] convinces us that it is the enforcement of the lien which confers the right to attorney fees, and not the joinder of an attempted enforcement with another non-statutory cause of action on which the lienor prevails.  In addition to affording an aggrieved mechanic a complete remedy for the collection of his debt, we recently held the Legislature also intended to afford a property owner a remedy where a mechanic attempts to enforce a defective or wrongful mechanics lien.  

Utilities Constr. Co. v. Wilson, 321 S.C. 244, 247-48, 468 S.E.2d 1, 2-3 (Ct. App. 1996).
Turning to the instant case, we find, and the parties do not contest, the special referee properly directed a verdict in favor of Appellants on Southeasterns action to foreclose the mechanics lien.  Because Southeastern failed to file a notice of the pendency of the action, a statutory-prerequisite, the lien against the Appellants property was dissolved.  See Muller v. Myrtle Beach Golf & Yacht Club, 303 S.C. 137, 140-41, 399 S.E.2d 430, 432 (Ct. App. 1990), overruled on other grounds by Myrtle Beach Hosp, Inc. v. City of Myrtle Beach, 341 S.C. 1, 532 S.E.2d 868 (2000) (A mechanics lien is purely statutory.  Therefore, the requirements of the statute must be strictly followed.  If anyone of these requirements is not met, the lien against the property is dissolved.) (citations omitted).  The question then becomes whether Appellants were entitled to attorneys fees pursuant to the mechanics lien statute.
Initially, we note the fact that Southeastern prevailed on its breach of contract action is not dispositive of the decision whether to award Appellants attorneys fees.  Instead, our focus is confined solely to the procedure outlined in the mechanics lien statute and case law interpreting the statute.  
Given the special referee directed a verdict in favor of Appellants, he held as a matter of law, not based on a mere technicality, that Southeastern could not enforce its mechanics lien against Appellants.  Based on this ruling, Appellants successfully defended against the lien and were, thus, the prevailing parties on the mechanics lien cause of action.  See Keeneys Metal Roofing, Inc., 345 S.C. at 554-55, 548 S.E.2d at 902-03 (finding Appellants were prevailing parties and, thus entitled to attorney fees pursuant to the mechanics lien statute, where Appellants were dismissed as a party from the mechanics lien foreclosure action based on a procedural rule and not a mere technicality); Utilities Constr. Co., 321 S.C. at 247, 468 S.E.2d at 2 (holding property owner was prevailing party and entitled to attorney fees where trial court directed a verdict in favor of property owner on construction companys  mechanics lien action on the ground company failed to timely serve notice of the mechanics lien, even though jury returned a verdict in favor of construction company on remaining causes of action for breach of contract and unjust enrichment); Cedar Creek Props. v. Cantelou Assocs., 320 S.C. 483, 486, 465 S.E.2d 774, 775-76 (Ct. App. 1995) (ruling property company was the prevailing party under the mechanics lien statute and, thus entitled to attorney fees, where contractor cancelled mechanics lien prior to hearing on property companys motion to determine the validity of mechanics lien given that property company still had to defend against the lien until the issue was resolved even though it essentially got the relief it sought, that is, avoidance of the lien).  
Accordingly, we find the special referee erred in denying Appellants request for attorneys fees.  Because there is no evidence in the record concerning the amount of attorneys fees incurred by Appellants in defending against the mechanics lien action, we remand to the special referee to determine this amount.  See Cedar Creek Props., 320 S.C. at 486-87, 465 S.E.2d at 776 (finding trial court, on remand, must award prevailing party under mechanics lien statute an amount of attorneys fees limited to those actions specifically involving the lien); cf. Utilities Constr. Co., 321 S.C. at 250, 468 S.E.2d at 4 (holding amount of attorneys fees in mechanics lien action was excessive where trial court awarded property owner attorneys fees which included fees associated with the underlying contract cause of action; remanding to trial court to enter amount of attorneys fees based upon time [property owners counsel] spent in defending the mechanics lien cause of action only). 
REVERSED AND REMANDED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  In their Answer and Counterclaim, the Burdges also alleged causes of action against several third-party defendants, including subcontractors and the architectural firm.  These claims were settled and are not pertinent to the instant case.
[3]  Section 29-5-10(a) defines a mechanics lien as follows:

 A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate or the boring and equipping of wells, by virtue of an agreement with, or by consent of, the owner of the building or structure, or a person having authority from, or rightfully acting for, the owner in procuring or furnishing the labor or materials shall have a lien upon the building or structure and upon the interest of the owner of the building or structure in the lot of land upon which it is situated to secure the payment of the debt due to him.  The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorneys fee, may be recovered by the prevailing party. 

S.C. Code Ann. § 29-5-10(a) (Supp. 2004); see S.C. Code Ann. §§ 29-5-10(b), 5-20(C) (Supp. 2004) (outlining procedure to determine prevailing party with respect to settlement offers); Seckinger v. The Vessel, Excalibur, 326 S.C. 382, 389, 483 S.E.2d 775, 778 (Ct. App. 1997) (Section 29-5-10(b) outlines a specific procedure which provides for formal offers of settlement, and modifies the common law definition of prevailing party to provide that the party whose offer is closer to the verdict reached is considered the prevailing party.).
[4]  Section 29-5-120 of the South Carolina Code of Laws provides, Unless a suit for enforcing the lien is commenced, and notice of pendency of the action is filed, within six months after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, the lien shall be dissolved.  S.C. Code Ann. § 29-5-120 (1991); see Multiplex Bldg. Corp. v. Lyles, 268 S.C. 577, 580, 235 S.E.2d 133, 135 (1977) (holding that failure to file statutorily-required notice of pendency of mechanics lien action mandated dismissal of action).