**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terlizzi Home Improvement, LLC, Appellant,

v.

Michael L. Boheler, Jeannette A. Boheler and the Palmetto Bank as Assignee of Midlands Mortgage Corp., Defendants,

Of Whom Michael L. Boheler and Jeannette A. Boheler are the Respondents,

v.

William Terlizzi, Third-Party Defendant and Appellant.

Appellate Case No. 2014-002540

———————

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-280
Heard April 18, 2017 – Filed July 5, 2017

———————

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED**

———————

Robert Merrel Cook, II, of The Robert Cook Law Firm, LLC, of Leesville, for Appellants.

Charles A. Krawczyk and Kathleen McDavid Muthig, both of Finkel Law Firm, LLC, of Columbia, for Respondents.

―――――――――――

**PER CURIAM:** Terlizzi Home Improvement, LLC (THI) and William Terlizzi (collectively, Appellants) appeal the circuit court's order granting partial summary judgment to Michael L. Boheler and Jeannette A. Boheler (collectively, Respondents) and discharging Appellants' mechanic's lien over Respondents' property on the ground that Appellants willfully and knowingly inflated the amount due. On appeal, Appellants argue the circuit court erred by (1) discharging the mechanic's lien because (a) the amount of the lien was reduced before the motion for summary judgment was filed; (b) the circuit court applied an incorrect evidentiary standard for the summary judgment motion; and (c) evidentiary disputes precluded summary judgment; (2) awarding attorney's fees against Terlizzi personally because he was not a named party to the action and THI shielded him from liability; and (3) awarding an unreasonable amount of attorney's fees. We affirm in part, reverse in part, vacate in part, and remand.

1. First, we find the circuit court did not err in granting partial summary judgment and discharging the mechanic's lien. Rule 56(c), SCRCP, provides a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP." *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 339, 762 S.E.2d 561, 565 (2014) (quoting *Progressive Max Ins. Co. v. Floating Caps, Inc.*, 405 S.C. 35, 42, 747 S.E.2d 178, 182 (2013)). The applicable statutory basis for a mechanic's lien is a debt due "for labor performed or furnished or for materials furnished and *actually used* in the erection, alteration, or repair of a building or structure upon real estate." S.C. Code Ann. § 29-5-10(a) (2007) (emphasis added). Notwithstanding the court's inherent power to discharge a wrongfully filed lien, a court has four statutory bases by which it may discharge a mechanic's lien. *See Sea Pines Co. v. Kiawah Island Co.*, 268 S.C. 153, 156–57, 232 S.E.2d 501, 502 (1977). The statutory basis for the discharge at issue here allows for discharging a mechanic's lien if "it appear[s] that the person filing the certificate has wil[l]fully and knowingly claimed more than is his due." S.C. Code Ann. § 29-5-100 (2007).

Appellants offered no rational basis for filing a lien against Respondents in the amount of $106,001.13. During Terlizzi's deposition, he admitted he did not use the actual costs of materials and labor involved in the construction of Respondents' home to calculate the sum of the lien. Instead, Terlizzi repeatedly testified he estimated and reengineered the costs. In fact, Terlizzi conceded he could only account for actual costs amounting to $48,719.23. Additionally, in calculating the money owed for the lien, Terlizzi admitted he included the value of work for which he previously signed lien waivers he knew to be valid. Considering the overwhelming evidence in the record that Appellants willfully and knowingly inflated the lien, we find no error in the circuit court granting partial summary judgment to Respondents and discharging the lien.

Appellants attempt to circumvent the issue by citing to their stipulation to reduce the lien prior to Respondents' motion for partial summary judgment. We find this argument to be without merit. Although Appellants filed a stipulation to reduce the lien three months prior to Respondents filing their motion for partial summary judgment, the reduced lien was filed two years after the initial lien. During those two years, Respondents were forced to raise $143,000 in bond for the mechanic's lien by liquidating their 401k plans, drawing their social security early, and taking out a personal loan, all while facing two years of protracted litigation as discovery progressed. A lien holder cannot be allowed to grossly inflate the amount of a mechanic's lien, hold a property owner hostage in litigation for two years, and subsequently avoid dismissal pursuant to section 29-5-100 simply by later stipulating to a reduced lien amount. Accordingly, we find the circuit court did not err in discharging the mechanic's lien.

2. The controlling statutes provide Respondents are entitled to attorney's fees for successfully defending against the mechanic's lien. *See* § 29-5-10(a) ("The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party."); S.C. Code Ann. § 29-5-20(A) (2007) ("If the party defending against the lien prevails, the defending party must be awarded costs of the action and a reasonable attorney's fee as determined by the court. The fee and the court costs may not exceed the amount of the lien.").[1] Additionally, this court has specifically noted

---

[1] This court has previously interpreted "may" to mean "shall" for this section. *See T.W. Morton Builders, Inc. v. von Buedingen*, 316 S.C. 388, 403, 450 S.E.2d 87, 95 (Ct. App. 1994) (per curiam) ("We therefore hold that in order to protect the private interest of contractors . . . 'may' as used in [s]ection 29-5-10 should be

that the failure to request attorney's fees does not bar the award or prejudice the lien holder "because [the lien holder] ha[s] notice of the potential for an award of attorney['s] fees given the mandatory language of the mechanic's lien statutes." *Utils. Constr. Co. v. Wilson*, 321 S.C. 244, 247, 468 S.E.2d 1, 2 (Ct. App. 1996). Undoubtedly, Respondents are due the statutorily mandated attorney's fees, and THI is liable for those fees. However, the record is unclear as to whether Terlizzi is personally liable for the fees as the circuit court held.

THI filed the mechanic's lien against Respondents and subsequently attempted to foreclose upon it. Terlizzi, in his individual capacity, was not a party to THI's mechanic's lien or foreclosure complaint. He was only made a third-party defendant to Respondents' tort and contract counterclaims, which have yet to be decided. Given that Terlizzi specifically denies any wrongdoing as to Respondents' claims, we find an award of attorney's fees against Terlizzi is premature at this time. Therefore, we vacate the circuit court's award of attorney's fees as to Terlizzi personally and remand for further proceedings.

3. Last, we find the circuit court abused its discretion by awarding attorney's fees for work done outside the scope of defending against the mechanic's lien. *See Keeney's Metal Roofing, Inc. v. Palmieri*, 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001) ("The determination as to the amount of attorney's fees that should be awarded under the mechanic's lien statute is addressed to the sound discretion of the [circuit] court.").

"As a general rule, attorney's fees are not recoverable unless authorized by contract or statute." *Id.* at 553–54, 548 S.E.2d at 902. Here, the authorizing statutes allow attorney's fees "which may arise in enforcing or defending *against the lien*." S.C. Code Ann. § 29-5-10(a) (emphasis added). Accordingly, attorney's fees are available for only those fees incurred by Respondents in defending against the lien. *See Utils. Constr. Co.*, 321 S.C. at 250, 468 S.E.2d at 4 (finding the circuit court abused its discretion by awarding attorney's fees for defending against breach of contract and unjust enrichment causes of action included in the mechanic's lien foreclosure action).

"When determining the reasonableness of attorney's fees under a statute mandating the award of attorney['s] fees, the contract between the client and his counsel does

---

interpreted to mean that costs, to include a reasonable attorney's fee *shall* be secured by the mechanic lien, as is the case in [s]ection 29-5-20." (emphasis added)).

not control the determination of a reasonable hourly rate." *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 759 (1997). Instead, the court should consider the following six factors when determining reasonable attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." *Id.* at 308, 486 S.E.2d at 760. "Further, on appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor." *Id.* "[A]bsent sufficient evidentiary support on the record for each factor, the award should be reversed and the issue remanded for the [circuit] court to make specific findings of fact." *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 661 (1993).

Respondents' counsel filed an affidavit of attorney's fees, which included charges outside the scope of defending against the mechanic's lien and also charges lacking sufficient evidence that they were within the scope of defending against the mechanic's lien. Additionally, the circuit court did not include specific findings of fact regarding the reasonableness of the fees. Many fees outlined in the affidavit indicate work on multiple projects associated with the overall litigation, and some may have included work in defense of the mechanic's lien. However, the affidavit is unclear in many respects, and because the circuit court did not include specific findings regarding these fees, determining its accuracy on review with a limited record is impossible. Accordingly, we reverse and remand this issue to the circuit court to exclude fees outside the scope of defending against the mechanic's lien and make specific findings of fact regarding the reasonableness of the attorney's fees.

In conclusion, we affirm the circuit court's decision to discharge the mechanic's lien. We affirm the circuit court's award of attorney's fees against THI. However, because Terlizzi, in his individual capacity, was not a party to the THI's mechanic's lien or foreclosure complaint, we vacate the circuit court's award of attorney's fees as to Terlizzi personally and remand for further proceedings. Last, we reverse the portion of the circuit court's order that includes attorney's fees outside the scope of defending against the mechanic's lien and remand this issue to the circuit court for a determination of the appropriate amount of attorney's fees.

Based on the foregoing, the circuit court's decision is

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**