1810

A.V.A. CONSTRUCTION CORPORATION, Appellant v. PALMETTO LAND CLEARING, INC., and Cainhoy Landing Associates, a South Carolina Partnership, D.J. Jones, a Limited Partnership, Douglas J. Jones, Jr., general partner, and Stackpole-Hall, a Limited Partnership, R. Dauer Stackpole, general partner, as general partners, Defendants, of whom Cainhoy Landing Associates, a South Carolina Partnership, D.J. Jones, a Limited Partnership, Douglas J. Jones, Jr., general partner, and Stackpole-Hall, a Limited Partnership, R. Dauer Stackpole, general partner, as general partners, are Respondents.

(418 S.E. (2d) 317)

Court of Appeals

*Steven L. Smith* and *Joe S. Dusenbury, Jr.*, both of *Smith & Collins*, North Charleston, *for appellant.*

*Cheryl D. Shoun* and *Robert L. Wylie, IV*, both of *Robinson, Wall & Hastie*, Charleston, *for respondents.*

Heard April 14, 1992.

Decided May 11, 1992

GOOLSBY, Judge:

A.V.A. Construction Corporation, a subcontractor, gave notice of a mechanic's lien against the property of Cainhoy Landing Associates when Cainhoy's general contractor, Palmetto Land Clearing, Inc., failed to pay A.V.A. for labor and materials furnished by A.V.A. The master held A.V.A. "failed to establish a valid lien against Cainhoy . . . [because] . . . Cain-

hoy . . . ha[d] paid the general contractor . . . the entire amount of the contract between Cainhoy . . . and [the general contractor] prior to notice of the lien being given to Cainhoy . . . by . . . A.V.A. . . . " In a subsequent order, the master also awarded Cainhoy attorney fees. A.V.A. appeals. The dispositive issue is whether a credit given a contractor for pre-existing debts of the contractor to the owner can constitute payment under S.C. Code Ann. § 29-5-40 (1991)[1] where there is no evidence of either fraud or bad faith.

Cainhoy, a limited partnership composed of D.J. Jones, a limited partnership, Douglas J. Jones, Jr., Stackpole-Hall, a limited partnership, and R. Dauer Stackpole, owns a track of land known as Cainhoy's Landing. Palmetto specializes in clearing and grading and in the construction of subdivisions. A.V.A. specializes in grading and paving.

After Cainhoy hired Palmetto to serve as its general contractor on a subdivision project, Palmetto subcontracted with A.V.A. to supply asphalt and to perform paving services within the subdivision.

After Palmetto failed to pay A.V.A. the amount owed it, A.V.A. notified Cainhoy of the furnishing of labor and materials and of the amount due it from Palmetto. A.V.A. also served a summons and complaint upon Cainhoy seeking to foreclose its mechanic's lien. Cainhoy defended, asserting that A.V.A.'s complaint should be dismissed because Cainhoy had paid Palmetto all sums due Palmetto on the contract before receiving A.V.A.'s notice

Cainhoy's payments to Palmetto included, as the parties describe them, certain "trade-outs" between Cainhoy and Palmetto. These so-called "trade-outs" consisted of a credit given by Palmetto to Cainhoy in exchange for the cancellation of a like amount in debts owed by Palmetto to a Cainhoy partner.

---

[1] Section 29-5-40 provides in part as follows:

> Whenever work in done or material is furnished for the improvement of real estate upon the employment of a contractor . . . and such laborer, mechanic, contractor or materialman shall in writing notify the owner of the furnishing of such labor or material and the amount of value thereof, the lien given by § 29-5-20 shall attach upon the real estate improved as against the true owner for the amount of the work done or material furnished. But in no event shall the aggregate amount of liens set up hereby *exceed the amount due by the owner* on the contract price of the improvement made. [Emphasis ours.]

The master held the "trade-outs" constituted payment under section 29-5-40. He also found that the "trade-outs," together with the payments made, resulted in a zero balance due from Cainhoy to Palmetto as the date A.V.A. gave Cainhoy the notice required by section 29-5-40. The master accordingly held A.V.A. could not enforce a mechanic's lien against Cainhoy and awarded Cainhoy attorney fees as the prevailing party pursuant to S.C. Code Ann. § 29-5-20(a) (1991).[2]

We affirm the master.

The statute in issue here does not prescribe a particular manner in which an owner may pay a contractor. Rather, it focuses on the "amount due" from the owner to the contractor "on the contract price." The "amount due by the owner on the contract price" may be paid the contractor in ways other than money. One way would be for the owner to give a credit to the contractor upon pre-existing debts owed by the contractor to the owner; however, the exchange must be done in good faith. *Ewing v. Folsom*, 67 Iowa 65, 24 N.W. 595 (1885); *see* 53 Am. Jur. (2d) *Mechanics' Liens* § 326, at 853 (1970) ("A credit upon a pre-existing debt of a contractor to the owner, where made in good faith, is the equivalent of payment pro tanto."); *cf. J.L. Pucell, Inc. v. Libbey*, 111 Conn. 132, 149 A. 225 (1930) (wherein the owner's giving to the contractor of book credits for the purpose of reducing an indebtedness of the contractor was held to have been made in bad faith and thus without prejudice to the rights of the subcontractor under his lien).

Here, because of the "trade-out" agreements, there was "no amount due" by Cainhoy, the owner, "on the contract price" at the time A.V.A. notified Cainhoy of the furnishing of its labor and materials and of the value thereof. Moreover, the record contains no evidence, and the master made no finding, that the "trade-out" agreements were entered into by Cainhoy and Palmetto either fraudulently or in bad faith. Applying the plain meaning to the unambiguous terms used by section 29-5-40, A.V.A. has, therefore, no enforceable lien against Cainhoy's property.

---

[2] Section 29-5-20(a) provides in pertinent part:

> If the party defending against the lien prevails, the defending party must be awarded . . . a reasonable attorney's fee as determined by the court.

Because we affirm the master's holding regarding the effect of the "trade-out" agreements, we also affirm the master's award of attorney fees.

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.