483 S.E.2d 775

**Mark SECKINGER, individually and, d/b/a Seckinger Marine and Connie Seckinger, Respondents,**

v.

**THE VESSEL, EXCALIBUR, being a thirty-seven (37′) foot Irwin bearing Official Documentation Number 578520; and Richard P. McDonnell, III, Appellants.**

No. 2641.

Court of Appeals of South Carolina.

Submitted Jan. 7, 1997.

Decided March 3, 1997.

Rehearing Denied April 24, 1997.

384

Jack D. Simrill, Hilton Head Island, for appellants.

John R.C. Bowen, of Laughlin & Bowen, Hilton Head Island, for respondents.

HOWARD, Judge:

In this maritime lien action Richard P. McDonnell, III, the owner of the sailing vessel "Excalibur," appeals the denial of attorney fees. Following a jury verdict, McDonnell claims a statutory entitlement to the fees as the prevailing party. We affirm.[1]

## FACTS

Mark Seckinger made a claim against McDonnell for repairs and tackle provided to the sailing vessel, Excalibur. He sued McDonnell for breach of contract, seeking damages in the amount of $2,131.01. He asserted a maritime lien against the vessel pursuant to § 29–9–50. Seckinger then conveyed a written offer to settle for $1,082.50. McDonnell did not respond to the offer. When Seckinger discovered slanderous statements allegedly made by McDonnell concerning his fidelity, Seckinger amended his complaint by adding his wife as a plaintiff and asserting causes of action for slander *per se* and intentional infliction of emotional distress. McDonnell denied Seckinger's claims, specifically asserting Seckinger failed to perform timely under the contract to refit his vessel. He counterclaimed for breach of contract accompanied by a fraudulent act.

---

1. Because oral argument will not aid the court in resolving the issues on appeal, we decide the case without oral argument, pursuant to Rule 215, SCACR.

Seckinger sought attorney fees as provided in S.C.Code Ann. § 29-5-10 (1991) of the mechanic's lien statutes, arguing the maritime act incorporates the mechanic's lien provisions by reference. McDonnell did not request attorney fees in his counterclaim, and contested the applicability of the mechanic's lien provisions to a maritime lien foreclosure.

Prior to trial, Seckinger made a second, but verbal, offer to settle all claims for $10,000. No further written offer of settlement was made by either party. The case proceeded to trial, during which the court dismissed the Seckingers' causes of action for intentional infliction of emotional distress and McDonnell's counterclaim for breach of contract accompanied by a fraudulent act. Neither appeals these rulings.

The jury awarded Seckinger $782.50 in actual damages on the breach of contract and lien foreclosure claims, and found for McDonnell on the defamation claim. Seckinger abandoned his claim for attorney fees after the verdict was announced. Afterward, McDonnell asserted a claim for attorney fees as the prevailing party. After a hearing, the trial court refused to award attorney fees to either party.

## SCOPE OF REVIEW

A proceeding to enforce a mechanic's lien is an action at law. *Raines v. Sanders,* 134 S.C. 284, 132 S.E. 581 (1926). The determination as to the amount of attorney fees which should be awarded under the mechanic's lien statute is addressed to the sound discretion of the trial court and its decision will not be disturbed absent an abuse of discretion. *D.A. Davis Constr. Co. v. Palmetto Properties, Inc.,* 281 S.C. 415, 315 S.E.2d 370 (1984).

## LAW/ANALYSIS

There is no case addressing the applicability of the mechanic's lien attorney fee provisions to a maritime lien, so we will address this issue first. Generally, attorney fees are not recoverable unless authorized by contract or statute. *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E.2d 659 (1993). Because the contract between Seckinger and McDonnell did not address attorney fees, any entitlement to them must emanate from statute. The resolution of this issue involves

statutory interpretation. The cardinal rule of statutory construction is that words used in a statute should be given their plain and ordinary meaning unless something in the statute requires a different interpretation. *Multimedia, Inc. v. Greenville Airport Comm'n,* 287. S.C. 521, 339 S.E.2d 884 (Ct.App.1986).

■ South Carolina's maritime lien statute does not explicitly provide for the recovery of attorney fees. *See* S.C.Code Ann. § 29–9–10 to –80 (1991). However, § 29–9–50 contains the following language:

Such lien may be enforced by petition to the court of common pleas for the county in which the vessel was at the time the debt was contracted or in which she is at the time of instituting proceedings. The petition may be entered in court or filed in the clerk's office in vacation or may be served with the summons, with an order of attachment, and returned and entered as other civil actions and *the subsequent proceedings for enforcing the lien shall, except as herein otherwise provided, be as prescribed for enforcing liens on buildings and lands, so far as applicable.* At the time of entering or filing the petition a process of attachment against such ship or vessel, her tackle, apparel and furniture shall issue and continue in force or may be dissolved like attachments in civil cases, but such dissolution shall not dissolve the lien.

S.C.Code Ann. § 29–9–50 (1991) (emphasis added).

We conclude the plain meaning of this language is that the proceedings for the enforcement of a maritime lien are the same as those set forth in S.C.Code Ann. § 29–5–10 to 410 (1991), for the enforcement of liens on buildings and lands. This, in turn, allows attorney fees to the prevailing party. *See* S.C.Code Ann. § 29–5–10 (1991) ("The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party."); *see also T.W. Morton Builders, Inc. v. von Buedingen,* 316 S.C. 388, 450 S.E.2d 87 (Ct.App.1994) (holding the court *must* award attorney fees to the prevailing party in an action to enforce or defend against a mechanic's lien). Therefore, McDonnell is entitled to attorney fees if he is the prevailing party.

 In the context of statutes allowing attorney fees, our supreme court has defined a "prevailing party" as "[t]he one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered." *Heath v. County of Aiken*, 302 S.C. 178, 182–83, 394 S.E.2d 709, 711 (1990) (quoting *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964)). Thus, the court of appeals concluded in a mechanic's lien foreclosure action the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees. *See Utilities Constr. Co. v. Wilson*, 321 S.C. 244, 468 S.E.2d 1 (Ct.App.1996). According to *Heath*, "a party need not be successful as to all issues in order to be found to be a prevailing party." *Heath*, 302 S.C. at 182, 394 S.E.2d at 711; *see Utilities Constr. Co.*, 321 S.C. at 248–49, 468 S.E.2d at 3–4.

Therefore, in a mechanic's lien action the defendant is entitled to an award of attorney fees as the prevailing party if it is determined that a mechanic's lien cannot be enforced against it. *A.V.A. Constr. Corp. v. Palmetto Land Clearing, Inc.*, 308 S.C. 377, 418 S.E.2d 317 (Ct.App.1992); *see Cedar Creek Properties v. Cantelou Assocs., Inc.*, 320 S.C. 483, 465 S.E.2d 774 (Ct.App.1995) (landowner who filed complaint to dissolve mechanic's lien was the prevailing party where the contractor filed a cancellation of the lien). Consequently, McDonnell is not the prevailing party under this definition because the jury returned a verdict for Seckinger on his lien foreclosure, albeit for less than he claimed.[2] However, McDonnell claims he is the prevailing party as found in § 29–5–10(b) because the jury verdict was closer to zero than it was to the amount Seckinger prayed for in his complaint.

---

**2.** By special interrogatory, the jury determined Seckinger wilfully and knowingly claimed more than his due. Section 29–9–40 provides, "[n]o inaccuracy in the description of the ship or vessel, if she can be recognized thereby, or in stating the amount due for labor or materials, shall invalidate the proceedings, unless it appears that the person filing the certificate has knowingly and wilfully claimed more than his due." S.C.Code Ann. § 29–9–40 (1991). McDonnell did not move to set aside the verdict on the basis of this section, nor does he argue on appeal that he is the prevailing party by virtue of it.

Section 29-5-10(b) outlines a specific procedure which provides for formal offers of settlement, and modifies the common law definition of "prevailing party" to provide that the party whose offer is closer to the verdict reached is considered the prevailing party. S.C.Code Ann. § 29-5-10(b) (1991). Because the final verdict is closer to zero than to the amount prayed for in the complaint or the amount Seckinger demanded, McDonnell argues he is the prevailing party.

Section 29-5-10(b) reads in pertinent part as follows:

Not less than fifteen days before the first term of court at which the trial is set, either party may *file and serve on the other party* an offer of settlement, and within ten days thereafter the party served may respond by filing and serving his offer of settlement. *The offer shall state that it is made under this section and specify the amount, exclusive of interest and costs, which the party serving the offer is willing to agree constitutes a settlement of the lien.* The offer supersedes any offer previously made under this section by the same party.

\* \* \* \* \* \*

If a written offer of settlement is made by both parties, the party whose offer is closer to the verdict reached is considered the prevailing party in the action. If the difference between both offers and the verdict is equal, neither party is considered to be the prevailing party for purposes of determining the award of costs and attorney's fees.

If the plaintiff makes no written offer of settlement, the amount prayed for in his complaint is considered to be his final offer of settlement for purposes of this section.

If the defendant makes no written offer of settlement, his offer of settlement is considered to be zero.

S.C.Code Ann. § 29-5-10(b) (emphasis added).

As stated previously, the cardinal rule of statutory construction is that words used in a statute should be given their plain and ordinary meaning unless something in the statute requires a different interpretation. *Multimedia, Inc. v. Greenville Airport Comm'n*, 287 S.C. 521, 339 S.E.2d 884 (Ct.App.1986). Applying this principle, one can readily ascertain the emphasized language, employing the word "shall," is mandatory. Therefore, it requires that the offer be made at least fifteen

days before the first term of court at which the trial is set; that it be in writing; that it reference this section and set forth the amount, exclusive of interest and costs which the party is willing to agree constitutes a settlement of the lien; and the offer must be filed with the court and served upon the opponent.

The final two paragraphs cannot be construed to invoke this subsection in every case by resort to the prayer of the complaint as the "final offer" by plaintiff, and zero as the "final offer" of defendant. Such a construction would render meaningless the mandatory language of the statute.

All rules of statutory construction must yield to the principle that courts should endeavor to ascertain the real intention of the legislature. *Horn v. Davis Elec. Constructors, Inc.*, 307 S.C. 559, 416 S.E.2d 634 (1992). Statutes must be read as a whole and sections which are part of the same general statutory scheme must be construed together and each given effect, if it can be done by any reasonable construction. *Higgins v. State*, 307 S.C. 446, 415 S.E.2d 799 (1992); *see also The Lite House, Inc. v. J.C. Roy Co.*, 309 S.C. 50, 419 S.E.2d 817 (Ct.App.1992); *State v. Black*, 319 S.C. 515, 462 S.E.2d 311 (Ct.App.1995).

The intention of the legislature to foster settlements is evident in § 29–5–10(b). When this subsection is properly invoked, it increases the likelihood of settlement by providing an extra incentive to be realistic. A party decreases the chance of paying the opponent's costs and attorney fees by increasing the willingness to compromise. Necessary to this scheme is knowledge of its application. Requiring a written offer which specifically identifies this section is an optimum way of conveying this message.

The two final paragraphs of this section are not inconsistent with this interpretation. Simply stated, one or the other of them applies when a party properly invokes this subsection, and the other party makes no response. Thus, if the plaintiff files and serves an offer of settlement invoking this section, and the defendant makes no written offer, zero is deemed to have been the defendant's response for purposes of identifying the prevailing party. Conversely, if the defendant makes a written offer of settlement meeting the formal re-

quirements of the statute, and the plaintiff fails to respond in writing, the amount prayed for in the complaint is deemed to have been the response for purposes of identifying the prevailing party. But this departure from the common law definition of prevailing party is not applicable until such time as this provision is invoked by at least one of the parties.

█ Seckinger's written offer of July 11, 1994 did not state that it was made under § 29–5–10(b) nor was it filed with the court. Therefore, it did not comply with this section. No other written offers were made during the course of the proceedings. Accordingly, the definition of prevailing party found in § 29–5–10(b) is not applicable.

Our holding is consistent with the recent condemnation case of *City of Folly Beach v. Atlantic House Properties, Ltd.*, 321 S.C. 241, 467 S.E.2d 928 (1996). In *Folly Beach* our supreme court held the prevailing party was the party who had offered zero dollars when a jury verdict awarded $250,000 and the landowner valued the property at $642,500. *Id.* The court noted that Folly Beach offered the landowner zero dollars in its initial written offer but that § 28–2–510(B)(2) defined the prevailing party to be the one whose valuation of the land was nearest to the value decided at trial. *Id. see* S.C.Code Ann. § 28–2–510(B)(2). Unlike § 29–5–10(b), the applicable statute in *Folly Beach* specifically defined the prevailing party as the one whose valuation of the land at trial was closest to the jury verdict, without the requirement of a settlement offer as required under § 29–5–10(b). *Folly Beach*, 321 S.C. at 242–43, 467 S.E.2d at 928–29.

In this case, absent an offer of settlement which would trigger § 29–5–10(b), the prevailing party was determined at trial. The jury verdict on the maritime lien action was in favor of Seckinger. Therefore, McDonnell did not prevail at trial and is not entitled to an award of attorney fees. Seckinger abandoned any claim for attorney fees at trial. Accordingly the trial court's order is

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.