666 S.E.2d 267

**MOZINGO & WALLACE ARCHITECTS, L.L.P., Respondent/Appellant,**

**v.**

**Patricia GRAND, a South Carolina Limited Partnership, Appellant/Respondent.**

**No. 4426.**

Court of Appeals of South Carolina.

Heard Feb. 12, 2008.
Decided July 15, 2008.
Rehearing Denied Sept. 19, 2008.

Henrietta U. Golding and Christopher L. Williams, of Myrtle Beach, for Appellant–Respondent.

David B. Miller, of Myrtle Beach, for Respondent–Appellant.

HUFF, J.:

This case involves cross-appeals in a mechanic's lien action. Patricia Grand argues the trial court erred in holding Mozingo & Wallace Architects complied with its obligations under the contract. Patricia Grand also asserts the trial court erred in holding Mozingo & Wallace was entitled to attorney's fees as the prevailing party and in failing to award it attorney's fees. Mozingo & Wallace argues the trial court erred in limiting its award of attorney's fees to the principal debt recited in the notice and certificate of mechanic's lien. We affirm.

## FACTS

In October of 2001, S. Derrick Mozingo, Jr., principal architect with Mozingo & Wallace, met with George B. Buchanan, Jr. and Benji Norton of Patricia Grand to discuss renovations to a hotel now known as Monterey Bay. Buchanan expressed his admiration of two of Mozingo & Wallace's similar projects. He indicated he wanted a "South Florida" look for the hotel. Although Mozingo asked Buchanan what his budget was for the project, Buchanan did not have an answer for him.

The parties subsequently entered into a contract for Mozingo & Wallace to perform the schematic design work for the exterior of the building. Although Mozingo stated in the cover letter for the contract that the submittals and approvals would be ready no later than the third week of November, the parties did not meet until December 12. At that meeting Mozingo presented two designs for the project, a "Modern" theme and a "Mediterranean" theme. During the meeting Buchanan also requested Mozingo design a renovation of the lobby and laundry facility. In his follow-up letter dated December 13, 2001, Mozingo noted the parties had agreed to move forward on the development of the "Mediterranean" theme and the interior work. He explained Mozingo & Wallace would not be able to commence work on the exterior and interior projects until after the first of the year. In addition, he stated the work presented at the meeting completed the work under the original contract agreement. The next day Mozingo & Wallace sent Patricia Grand an invoice for the services to date. The work on the interior renovation was invoiced as an additional expense at the contractual hourly

rates. Mozingo & Wallace also enclosed a contract for the balance of the work on the interior and exterior renovations. The contract included a work schedule for the renovations. Patricia Grand never executed this contract.

In a letter dated December 27, 2001, Buchannan wrote Mozingo that he had not approved the design and that approval would depend on obtaining acceptable cost parameters and permission from the city for the improvements. He listed six changes he felt should be considered. In a reply letter, Mozingo stated he had no problem with the requested changes but would need to review the items with Buchanan. At Buchanan's insistence, Mozingo submitted the schematics of the exterior renovation to a contractor for an estimate. The contractor, however, indicated there was not enough detailed information to provide a ballpark figure.

In a letter dated January 11, 2002, Buchanan expressed his concern that the projects were getting behind and it might not be feasible to complete them that spring. In response, Mozingo sent him schedules for the interior and exterior renovations. On January 15, Buchanan ordered Mozingo by fax to put on hold work on the exterior renovation and they would consider the job for the following winter. He also advised that he would hold off on a decision on the interior work until an opinion was obtained from the city regarding approval for the project. Mozingo responded that he was concerned by the tone of Buchannan's note. He explained he could have all submittals and approvals in place already but Buchanan had insisted on obtaining an estimate from a contractor before proceeding. In addition, Mozingo stated that he never thought that construction on the exterior renovation could be competed before the summer season but he believed the work would have very little impact on the hotel guests. However, he did assure Buchanan that the interior renovation could be accomplished before Memorial Day.

In a letter dated February 11, 2002, Buchanan expressed his dissatisfaction over the exterior and interior renovations. He stated he found both proposed plans for the exterior renovation to be impractical and that Mozingo had failed to deliver acceptable plans that could be completed during the slow months of January and February. In addition, he noted

he was unhappy with the delay with the interior renovation but wanted to continue on a fast-track basis. He proposed to renegotiate the contract for the projects, including evenly allocating the $25,000 already paid between the two projects. Mozingo took exception at the tone of the letter and terminated his services. He demanded full payment of the invoice for services to date. In return, Buchanan demanded a refund of $22,955.00.

Mozingo & Wallace filed a notice and certificate of Mechanic's lien listing $14,173.47 as the amount due. It subsequently brought this action seeking foreclosure of the lien, collection, and quantum meruit. Patricia Grand denied Mozingo & Wallace's entitlement to the relief sought and counterclaimed for breach of contract. The trial court found in favor of Mozingo & Wallace and awarded it $24,563.81 for architectural fees and interest accrued at the 18% rate set forth in the contract. In addition, the court awarded Mozingo & Wallace attorney's fees in the amount of $17,975.57. On Patricia Grand's motion to alter or amend, the court reduced the attorney fee award to $14,177.47, the amount stated in the notice and certificate of lien. Both Patricia Grand and Mozingo & Wallace appealed.

## STANDARD OF REVIEW

An action to enforce a mechanic's lien is an action at law. *Seckinger v. Vessel Excalibur*, 326 S.C. 382, 386, 483 S.E.2d 775, 777 (Ct.App.1997). "In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings." *Townes Assocs. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

## LAW/ANALYSIS

1. Patricia Grand's appeal

Patricia Grand argues the trial court erred in finding Mozingo & Wallace complied with its obligations under the contract since it did not complete the scope of services required by the contract. We disagree.

A party who seeks to recover damages for breach of a contract must show that the contract has been performed on his part, or at least that he was, at the appropriate time, able, ready and willing to perform it. *Swinton Creek Nursery v. Edisto Farm Credit, ACA,* 334 S.C. 469, 487, 514 S.E.2d 126, 135 (1999). Patricia Grand first contends Mozingo & Wallace did not complete its preparation of the exterior design schematics as it never made the revisions requested by Patricia Grand. After Buchanan requested Mozingo make six revisions to the schematics, Mozingo agreed to make the changes. However, he admitted at trial that he never did in fact make the revisions. Mozingo explained all of the changes Buchanan requested involved simply deleting certain things or changing or painting certain items. He stated that he felt like all of the changes would be addressed or should be addressed in the second phase of the base contract. Patricia Grand, however, ordered Mozingo & Wallace to stop work on the exterior renovation before it could progress to the second phase. Thus, Patricia Grand's own acts prevented Mozingo & Wallace from completing the revision. *See Moon v. Jordan,* 301 S.C. 161, 164, 390 S.E.2d 488, 490 (Ct.App.1990) ("Generally, if a party by his contract charges himself with an obligation possible to be performed, he must make it good unless its performance is rendered impossible by an act of God, the law, **or other party.**") (emphasis added).

Next Patricia Grand contends Mozingo & Wallace did not complete all the tasks required by the contract with respect to the Myrtle Beach Community Appearance Board (CAB). The contract's "Scope of Designated Services" included CAB review submittals and approvals for the exterior project. Mozingo testified he was ready to take the schematics for the exterior renovation to CAB for review but he was never given the directive to do such because of the indecision with the project. He stated he needed both Patricia Grand's final approval of the conceptual design, as well as a current as-built survey from Patricia Grand before he could submit plans to CAB. He received neither. Thus, there is evidence in the record that Mozingo & Wallace's failure to complete this aspect of the contract was due to Patricia Grand's acts.

Finally, Patricia Grand asserts the conceptual design did not comply with relevant zoning ordinances. Certain decora-

tive items in the design may have protruded over the set-back limits set forth in the ordinance. Mozingo testified that without a current as-built survey, which Patricia Grand never supplied, he was not exactly sure there would be a problem with the setbacks and he felt it was probably close to being within the allowed area. He stated if the decorative items did protrude past the setback lines by a few inches, Patricia Grand would need a variance. However, he stated he did not see obtaining a variance as a problem, just a process.

We find the record provides evidence that Mozingo & Wallace fulfilled its responsibilities under the contract or was prevented from doing so by Patricia Grand's own acts. Accordingly, we find no error in the trial court allowing Mozingo & Wallace to recover under the contract.

■ At oral argument, Patricia Grand asserted that under section 12.2.8 of the contract, it was entitled to equitable adjustment for the work Mozingo & Wallace failed to perform. This issue is not properly before this court. *See South Carolina Dep't of Soc. Servs. v. Basnight*, 346 S.C. 241, 250, 551 S.E.2d 274, 278 (Ct.App.2001) ("An appellant may not use oral argument as a vehicle to argue issues not argued in the appellant's brief."); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of issues on appeal.").

■ Patricia Grand argues the trial court erred in awarding Mozingo & Wallace attorney's fees because once Patricia Grand filed a surety bond, the lien was terminated and Mozingo & Wallace could not prevail in an action to terminate the lien. This argument was never raised to or ruled on by the trial court. Accordingly, it is not preserved for our review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

Next Patricia Grand argues the trial court should have awarded it attorney's fees rather than Mozingo & Wallace because Mozingo & Wallace cannot be the prevailing party as it failed to complete the tasks it agreed to perform. As stated above, we find no error in the trial court's ruling that Mozingo

& Wallace was entitled to recover under the contract. Therefore, we find no merit in Patricia Grand's argument regarding attorney's fees.

2. Mozingo & Wallace's appeal

 Mozingo & Wallace argues the trial court erred in reducing the award of attorney's fees to the principal debt recited in the notice and certificate of mechanic's lien. We disagree.

 The mechanic's lien statute provides the prevailing party may recover reasonable attorney's fees, "but the fee and the court costs may not exceed the amount of the lien." S.C.Code Ann. § 29–5–10(a) (2007). "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Mid–State Auto Auction of Lexington v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). "[T]he words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." *Mun. Ass'n of S.C. v. AT & T Communications of S. States,* 361 S.C. 576, 580, 606 S.E.2d 468, 470 (2004). "Statutes, as a whole, must receive practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of lawmakers." *TNS Mills v. S.C. Dep't of Revenue,* 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998).

 We hold the legislature intended to limit the award of fees and costs to the amount set forth in the notice and certificate of mechanic's lien. This limit on the amount of the award applies not only to a party prevailing in enforcing a lien but also to a party prevailing in defending the lien action. It would not be reasonable for a party enforcing the lien to be able to recover higher attorney's fees if it prevailed because it could add prejudgment interest to the lien award but limit a defending party if it prevailed to the debt stated in the notice and certificate of lien. Accordingly, we find the trial court properly reduced the amount of the attorney's fees awarded to the amount of the debt set forth in the notice and certificate of lien.

## CONCLUSION

We hold the trial court did not err in allowing Mozingo & Wallace to recover under the contract. As the prevailing party, Mozingo & Wallace was entitled to attorney's fees. In addition, we hold the trial court correctly reduced the amount of the attorney's fees awarded to the amount of the debt stated in the notice and certificate of lien.

**AFFIRMED.**

KITTREDGE, JJ., and GOOLSBY, A.J., concur.