THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Hall's Custom
 Homes, LLC. Respondent
 
 
 
 
 

v.

 
 
 
 
 Vista Realty
 Partners, LLC and Long Grove Vista, LLC. Appellants
 
 
 
 
 

Appeal From Charleston County
  J. C. Buddy Nicholson, Jr., Circuit Court
Judge

Unpublished Opinion No.   2011-UP-004 
 Submitted October 1, 2010  Filed January
20, 2011

AFFIRMED

 
 
 
 G. Hamlin O'Kelly, III, of Mt. Pleasant,
 for Appellants.
 Frank M. Cisa, of Mt. Pleasant, for
 Respondent.
 
 
 

PER CURIAM: In
 this mechanic's lien action, Vista Realty Partners and Long Grove Vista, LLC.
 (collectively Vista Realty) appeal the trial court's award of $65,994.56 plus
 prejudgment interest and attorney's fees to Hall's Custom Homes, Inc.  We
 affirm.[1]
FACTS/PROCEDURAL HISTORY
On April 1, 2005 John Hall of
 Hall's Custom Homes and Richard Blatt of Vista Realty entered into a contract
 for the repair of decks on an apartment complex.  The parties' initial agreement
 was for the repair of 4 apartment units in Building 300.  The contract provided
 Vista Realty would pay $3,100.00 or actual costs for material, $3,200.00 for
 rental of equipment, and labor billed at $35.00 per man hour.  The contract
 noted: "Pricing will vary depending on amount of rot found."  
After Hall's Custom Homes
 began work on Building 300, Blatt visited the worksite and authorized Hall's
 Custom Homes to proceed with repairing the other decks on the building.  On
 April 14, 2005, Hall's Custom Homes submitted an invoice to Vista Realty for
 $29,000.00. It then substituted another invoice to include the work completed
 through April 20, 2005 for $42,921.17.  In response, Blatt sent Hall's Custom
 Homes a memo stating he was "shocked" by the invoice.  Vista Realty
 requested Hall's Custom Homes submit a more detailed invoice.  Hall's Custom
 Homes sent Vista Realty an updated invoice for $62,895.00.  When Vista Realty
 failed to pay the invoice, Hall's Custom Homes completed the repairs on the 12
 decks on which it had worked to make them safe and then stopped work.  
On May 5, 2005 Hall's Custom
 Homes filed a mechanic's lien claiming $65,994.56 plus interest was owed to it
 by Vista Realty.  It filed this action to foreclose the lien on June 14, 2005,
 also asserting claims for breach of contract and quasi-contract.  Vista Realty
 filed a bond to release the mechanic's lien.  It answered the complaint denying
 Hall's Custom Homes' allegations and asserting as defenses Hall's Custom Homes'
 claims were barred by lack of a license and the statute of frauds.  
After a bench trial, the
 trial court found the contract was not ambiguous.  It awarded Hall's Custom
 Homes $65,994.56.  It left the record open for Hall's Custom Homes to submit
 its affidavit for attorney's fees and costs and for Vista Realty to file a
 post-trial motion.  The court subsequently denied Vista Realty's motion to
 alter or amend, granted Hall's Custom Homes pre-judgment interest, and awarded
 Hall's Custom Homes $9,208.05 in fees and costs.  This appeal followed.  
STANDARD OF REVIEW
This is an action at law.[2]  McCall v. IKON, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008) ("An
 action for breach of contract seeking money damages is an action at law."); Seckinger v. Vessel Excalibur, 326 S.C. 382, 386, 483 S.E.2d 775, 777
 (Ct. App. 1997) (stating an action to enforce a mechanic's lien is an action at
 law).  "In an action at law, on appeal of a case tried without a jury, the
 findings of fact of the judge will not be disturbed upon appeal unless found to
 be without evidence which reasonably supports the judge's findings." Townes
 Assocs. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
LAW/ANALYSIS
A.  Expert witness
Vista Realty argues the trial
 court erred in refusing to admit Blatt as an expert witness.  We disagree.  
Reversal of a trial court's
 qualification of an expert witness requires the appellant to prove both an
 abuse of discretion and prejudice.  Austin v. Stokes-Craven Holding Corp.,
 387 S.C. 22, 37, 691 S.E.2d 135, 142 (2010).  An abuse of discretion occurs
 when the decision of the trial court is unsupported by the evidence or
 controlled by an error of law.  Id. at 37, 691 S.E.2d at 143.  
"Lay witnesses are
 permitted to offer testimony in the form of opinions or inferences if the
 opinions or inferences are rationally based on the witness'  perception, and
 will aid the fact-finder in understanding testimony, and do not require special
 knowledge."  State v. Douglas, 380 S.C. 499, 502, 671 S.E.2d 606, 608
 (2009).  Furthermore, the fact that a witness is qualified as an expert does
 not require the fact finder to accord his or her testimony any greater weight
 than that given to any other witness.  Id. at 503, 671 S.E.2d at 609.  The
 same tests that are commonly applied in the evaluation of ordinary evidence are
 to be used in judging the weight and sufficiency of expert testimony.  Id.
When the trial court asked
 Vista Realty to clarify what field of expertise it was offering Blatt as an
 expert, its attorney responded:  "We offer this witness as the owner's
 representative, the defendant's representative on this project."  The
 court then stated:  "Well, he doesn't have to be an expert for that." 
 While the court did not qualify Blatt as an expert, it did state Blatt could
 testify as an owner.  As Vista Realty failed to state a field that in fact
 required an expert witness, we find the trial court did not abuse its
 discretion in declining to qualify Blatt as an expert witness.  
Furthermore, we find no
 prejudice resulted from the ruling.  Vista Realty asserts the trial court did
 not allow Blatt's expert testimony as to the costs that should have been allowed
 for the decking repairs by Hall's Custom Homes and as to the quality of the
 work performed.  However, Blatt testified without objection that his personal
 expectation for the cost of the repairs was "just over $1000.00 per deck." 
 In addition, he testified he was "shocked" by Hall's Custom Homes'
 bill and that it was "dramatically higher than what was expected at that
 stage of completion."  The trial court also allowed Blatt to testify that
 he paid the new contractor $385,000 for repairs to 232 decks.  In addition, the
 trial court allowed Blatt to testify that all of the decks Hall's Custom Homes
 worked on required remedial work by the new contractor.  As Vista Realty failed
 to provide this court with any examples of testimony it was not allowed to
 present due to the trial court's ruling, we find Vista Realty was not
 prejudiced by the trial court's denial of its request to have Blatt admitted as
 an expert witness.   
2.  Consideration of Blatt's
 testimony
Vista Realty argues the trial
 court erred in refusing to consider Blatt's testimony concerning the proper
 amount to be charged for the deck work.  We disagree.   
Although, as stated above,
 Blatt testified he believed the amount Hall's Custom Homes sought was
 unreasonable, Hall's Custom Homes offered evidence to support its claim.  John
 Hall described the work his company performed on the decks.  He testified the
 scope of the work his company performed was greater than that performed by the
 second contractor Vista Realty hired to complete the project.  He submitted
 invoices for the materials used and time sheets for labor.  Hall testified he worked
 on a similar project with a different crew and the hours spent on that project
 were in line with the Vista Realty project.  
"Credibility
 determinations regarding testimony are a matter for the finder of fact, who has
 the opportunity to observe the witnesses, and those determinations are entitled
 to great deference on appeal."  Okatie River, L.L.C. v. Southeastern
 Site Prep, L.L.C., 353 S.C. 327, 338, 577 S.E.2d 468, 474 (Ct. App. 2003). 
 The trial court explained Blatt's expectation that the cost would be $1000.00 a
 deck was unrealistic as the materials and rentals alone exceeded that amount.  We
 find no error in the trial court's determination Hall's testimony was more
 credible than Blatt's.  We hold the record contains evidence to support the
 trial court's award to Hall's Custom Homes.  
CONCLUSION
For the above state reasons,
 the order of the trial court is 
AFFIRMED.  
FEW, C.J., and HUFF and
 GEATHERS, JJ. concur.  

[1] We
 decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The trial court found a valid contract existed.  Accordingly, it did not reach
 Hall Custom Homes' equitable claim.