THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Verrilli
 Construction, LLC, Respondent,
 
 
 

v.

 
 
 
 MBVB, LLC and
 Marsh/Bell Construction Co., Inc., Appellants.
 
 
 

Appeal From Greenville County
Charles B. Simmons, Jr., Master-In-Equity

Unpublished Opinion No. 2012-UP-191  
 Submitted March 1, 2012  Filed March 14,
2012

AFFIRMED

 
 
 
 N. Ward Lambert, Cynthia Buck Brown, and
 R. Patrick Smith, all of Greenville, for Appellants.
 
 
 

PER CURIAM: MBVB,
 LLC and Marsh/Bell Construction Company, Inc. (collectively MBVB) appeal the
 master-in-equity's (Master) order awarding Verrilli Construction (Verrilli)
 $87,967 in damages for MBVB breaching its contract with Verrilli.  On appeal,
 MBVB argues the Master erred in (1) finding the standard form agreement
 (Agreement) was not part of the contract; (2) finding the mechanic's lien was
 timely filed; (3) awarding Verrilli $87,967 in damages; and (4) admitting the
 testimony of Allen Face.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1. As to whether the Master erred in finding the Agreement was not part of
 the contract between MBVB and Verrilli: Electro Lab of Aiken, Inc. v. Sharp
 Constr. Co. of Sumter, 357 S.C. 363, 367, 593 S.E.2d 170,
 172 (Ct. App. 2004) ("An action for breach of contract is an action at
 law.  In an action at law, on appeal of a case tried without a jury, the
 appellate court's standard of review extends only to the correction of errors
 of law.  The trial [court]'s findings of fact will not be disturbed upon appeal
 unless found to be without evidence which reasonably supports the [court]'s
 findings."); id. at 368, 593 S.E.2d at 173 ("A contract is an
 obligation which arises from actual agreement of the parties manifested by
 words, oral or written, or by conduct.  The necessary elements of a contract
 are offer, acceptance, and valuable consideration." (citation and
 quotation marks omitted)); Player v. Chandler,  299 S.C. 101, 105,
 382 S.E.2d 891, 893 (1989) ("South Carolina common law requires that, in
 order to have a valid and enforceable contract, there must be a meeting of the
 minds between the parties with regard to all essential and material
 terms of the agreement.").  
2.  As to whether the Master erred in
 awarding Verrilli $87,967 in damages: Collins Entm't, Inc. v. White, 363
 S.C. 546, 559, 611 S.E.2d 262, 268-69 (Ct. App. 2005) ("In a breach
 of contract action, damages serve to place the nonbreaching party
 in the position he would have enjoyed had the contract been performed. . . . In
 the normal case, [damages] will consist of two distinct elements: (1)
 out-of-pocket costs actually incurred as a result of the contract; and (2) the
 gain above costs that would have been realized had the contract been performed." 
 (citation and quotation marks omitted)); id. at 559, 611 S.E.2d at 269 ("Generally,
 in order for damages to be recoverable, the evidence should be such as to
 enable the court or jury to determine the amount thereof with reasonable
 certainty or accuracy." (citation and quotation marks omitted)).  
3.  As to whether the Master erred in finding
 Verrilli's mechanic's lien was timely filed: Seckinger v. Vessel Excalibur,
 326 S.C. 382, 386, 483 S.E.2d 775, 777 (Ct. App. 1997) ("A proceeding
 to enforce a mechanic's lien is an action at law."); Butler
 Contracting, Inc. v. Court St., LLC,  369 S.C. 121, 127, 631 S.E.2d
 252, 255-56 (2006) ("In an action at law, when a case is tried
 without a jury, the trial court's findings of fact will be upheld on appeal
 when they are reasonably supported by the evidence . . .  [T]he trial court's
 findings of fact will not be disturbed on appeal unless wholly unsupported by
 the evidence or unless it clearly appears the findings were
 influenced or controlled by an error of law."); id. at 129, 631 S.E.2d at 256 ("In order
 to perfect and enforce a mechanic's lien, the person asserting the lien (1) must serve
 upon the owner or person in possession and file with the register of deeds or
 clerk of court a notice or certificate of lien containing the lien amount, a
 description of the real property, and other required information within ninety
 days after he ceases to labor on or furnish labor or materials for such
 building or structure; (2) must commence a lawsuit seeking to enforce the lien
 within six months after ceasing to provide labor or materials for such real
 property; and (3) must file a notice of the pending action (lis pendens) within
 six months after ceasing to provide labor or materials for such real property." (citations and internal quotation marks omitted)); id. at 129, 631
 S.E.2d at 257 ("The effect of these provisions is that the six-month
 limitations period for enforcing the lien necessarily commences no later than
 the date the certificate of lien is filed.").
4.  As to whether the
 Master erred in awarding attorney's fees to Verrilli for the enforcement of the
 mechanic's lien: U.S. Bank Trust Nat'l Ass'n v.
 Bell,  385 S.C. 364, 379, 684
 S.E.2d 199, 207 (Ct. App. 2009) ("The general rule is that attorney's fees are not
 recoverable unless authorized by contract or statute." (citation
 omitted)); S.C. Code Ann. § 29-5-10(a) (2007) (providing the prevailing party
 under the mechanic's lien statutes is entitled to reasonable attorney's fees); Seckinger,
 326 S.C. at 386, 483 S.E.2d at 777 ("The determination as to the amount of attorney fees which
 should be awarded under the mechanic's lien statute is addressed to the sound discretion of
 the trial court and its decision will not be disturbed absent an abuse of
 discretion.").
5.  As to whether the Master erred in
 admitting and relying upon the testimony of Allen Face: Doe v. S.B.M.,
 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) ("The duty is on
 the litigant to make a timely objection in order to preserve the right of
 review. A contemporaneous objection is required to properly preserve an error
 for appellate review. The failure to make an objection at the time evidence is
 offered constitutes a waiver of the right to object." (internal citations
 omitted)).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.